GATES, APPELLANT, *v.* BIG BOY BEVERAGES, APPELLEE.

(No. 22568—Decided June 30, 1952.)

*Mr. B. B. Murad,* for appellant.

*Messrs. McConnell, Blackmore, Cory & Burke,* for appellee.

THOMPSON, J.  This is an appeal to this court on questions of law and fact from a ruling of the trial court on application for instructions by a notary public in the course of taking depositions.  The action in the trial court was one for personal injuries on the part of plaintiff, arising out of an automobile accident.  The defendant served notice to take depositions upon the plaintiff and subpoenaed plaintiff to testify as if under cross-examination under the statute.  During the course of the depositions, counsel for defendant asked plaintiff certain questions concerning the names of her doctors, hospitals attended, name of the X-ray photographer and

other information which plaintiff, on instructions of her counsel, refused to answer. The notary public in each instance instructed plaintiff to answer the question and plaintiff refused so to do.

The questions which plaintiff refused to answer were thereupon certified to the Common Pleas Court by the notary, with a request for instructions, and the trial court ordered plaintiff to answer the questions thus certified. From that order of the trial court, plaintiff then filed the instant appeal to this court on questions of law and fact. Defendant in turn filed herein a motion to dismiss the appeal and the motion has been submitted on briefs and oral argument.

The defendant urges that the order of the trial court is not such a final order as can be appealed to this court on questions of law under Section 12223-2, General Code, and also contends that an appeal on questions of law and fact does not lie under Section 12223-1, General Code, since there was no trial of facts in the Common Pleas Court.

Under authority of *LeMaistre, Admr.,* v. *Clark,* 142 Ohio St., 1, 50 N. E. (2d), 331, it is our opinion that the instant appeal is not properly one on questions of law and fact. That case points out in the second paragraph of the syllabus that the appellate jurisdiction granted to Courts of Appeals of Ohio under Section 6, Article IV of the Constitution, does not authorize a Court of Appeals to conduct a trial on issues of fact unless such trial has been had in the court of first instance. In the present case there was no trial of factual issues in the trial court, the question decided being one of law.

We turn, therefore, to the other question before us, namely, whether the order of the trial court constituted a final order under Section 12223-2, General Code, and Section 12223-3, General Code, authorizing an appeal on questions of law, so that this court in dismissing the

appeal on questions of law and fact should retain the appeal as one on questions of law under Section 12223-22, General Code.

Sections 12223-2 and 12223-3, General Code, provide as follows:

Section 12223-2. "An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title * * *."

Section 12223-3. "Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in General Code Sections 10382 to 10398, inclusive."

The precise question before us is whether the ruling of the trial court, ordering a party on cross-examination to answer various questions in a deposition hearing, and made upon request for instructions by a notary public, constitutes a final order under the sections quoted. We find no case in Ohio deciding this precise point but, under the Ohio cases discussing these sections, we believe it clear that the order of the trial court did not affect a substantial right of plaintiff in the action, since it did not determine the action and prevent a judgment within the language of Section 12223-2, General Code. The order of the trial court is therefore an interlocutory order and not a final order and the requirement that plaintiff answer certain

questions at a preliminary hearing, which she would doubtless be required to answer at the time of trial on the merits, deprives her of none of her rights.

There are many orders made at preliminary hearings, or during the course of trial, which do not constitute final orders in a case, and the purpose of permitting an appeal in the case of a final order or judgment, and refusing to permit an appeal of an interlocutory order, is to prevent piecemeal appeals which would unduly delay the course of justice and indefinitely postpone a final hearing on the merits. Courts, as well as laymen, are properly concerned about the law's delays and where efficiency can be promoted without injury to the litigant, the efficient route should be observed. The rulings of a court with reference to introduction or exclusion of evidence upon a trial are examples of interlocutory orders to which the party who deems himself prejudiced may save his exceptions. A ruling thus seasonably objected to may later be presented to the appellate court on an appeal of the entire case, but it is obvious that a party cannot and should not be permitted to appeal, one by one, each individual ruling during the course of the trial to which his interests may suggest exception. His rights will be adequately protected if he signifies at the time that he is saving an exception to the particular ruling complained of, and reserves the question, along with other rulings objected to, for presentation to the appellate court after final judgment in the case.

Besides the various rulings of the trial court in the admission and exclusion of evidence, there are many other rulings prior to the final submission of the case on its merits which are recognized as interlocutory only, and the remedy by the aggrieved party in such instance, in case of an adverse ruling by the trial court, is by exception at the time, thus permitting review of the trial court ruling at a later date in the appellate

court. Upon this point see 2 Ohio Jurisprudence, 168, Appellate Review, Section 89, as follows:

"A preliminary or interlocutory order is not reviewable on appeal on questions of law, formerly error. General policy is opposed to separate reviews upon interlocutory orders. The prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object."

It has been repeatedly held that an order sustaining or overruling a demurrer is an interlocutory and not a final order, since such an order, without more, leaves the action still pending in the lower court. *Fornoff* v. *Ehlert,* 53 Ohio Law Abs., 96, 85 N. E. (2d), 308; *Davis* v. *Moor,* 86 Ohio App., 213, .84 N. E. (2d), 305. In the case of the sustaining of a demurrer by the trial court, for example, it is only where the losing party refuses to plead further, and tests the sufficiency of the trial court's action by permitting dismissal and final judgment to be rendered against him, that appeal can be prosecuted.

Plaintiff very possibly feels that being required to disclose a part of his case under cross-examination in advance of trial may prejudice him materially, but the fact is that he would be required to disclose similarly pertinent information at the time of trial and the same statute (Section 11526, General Code), permitting him to be examined by deposition in advance of trial, gives him similar relief with respect to ascertaining his opponent's defense. It may well be said of this section what was stated by Mr. Justice Murphy of the United States Supreme Court with respect to the federal rules of civil procedure in the case of *Hickman, Admr.,* v. *Taylor* (1947), 329 U. S., 495, 507, 91 L. Ed., 451, 67 S. Ct., 385:

"Mutual knowledge of all the relevant facts gathered

by both parties is essential to proper litigation * * *. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise.''

In holding that no final order is present which would authorize an appeal on questions of law to this court, we may observe that there is a remedy open to a litigant who is asked on deposition questions he believes prejudicial to his rights. His remedy is to refuse to obey the court's order that he answer questions asked of him and to let himself be committed for contempt. Such order, entered by a trial court, is a final order from which he may appeal on questions of law. *Butterfield* v. *O'Connor*, 2 W. L. Gaz., 192, 3 Dec. Rep., 34. Furthermore, he may seek vindication in a separate habeas corpus proceeding which would necessarily raise the question of the legality of the commitment, in turn depending upon the legality of the order to answer. 14 Ohio Jurisprudence, 39, Depositions, Section 39; *In re Deye*, 85 Ohio App., 302, 88 N. E. (2d), 60; *In re Story* (unreported), Court of Appeals of the Eighth Appellate District, No. 22464, decided June 30, 1952.

Although research has disclosed no case in Ohio directly in point we refer to *Kleybolte* v. *C. H. & I. Rd. Co.* (1896), 11 O. D. (N. P.), 817, a Superior Court case in Cincinnati, Ohio, holding that an order permitting plaintiff stockholder to inspect corporate books and records is not a final order.

For the reasons indicated the motion to dismiss the appeal is granted.

*Motion sustained.*

SKEEL and HURD, JJ., concur.