KLEIN, D. B. A. COIN VALET PLAZA, APPELLEE, *v.* BENDIX-WESTINGHOUSE AUTOMOTIVE AIR BRAKE CO., APPELLANT.

(No. 40834—Decided March 6, 1968.)

*Messrs. Katz & Trombetta,* for appellee.
*Messrs. Hauxhurst, Sharp, Mollison & Gallagher* and *Mr. James G. Gowan,* for appellant.

BROWN, J.  The sole question for determination is whether a discovery order of a trial court is subject to immediate appellate review.  We hold that it is not.

The appellate jurisdiction of the Courts of Appeal does not extend beyond judgments and final orders.  Section 6, Article IV, Ohio Constitution.  Since no judgment is involved, a final order is required for the Court of Appeals to have jurisdiction.

The attitude of this court has long been that the definition of final orders is within the judicial province. *Hoffman* v. *Knollman,* 135 Ohio St. 170; *Price* v. *McCoy Sales & Service, Inc.,* 2 Ohio St. 2d 131.  By constitutional declaration, it is within the legislative province to specify which final orders are appealable.  Section 6, Article IV, Ohio Constitution.  The case of *Youngstown Municipal Ry. Co.* v. *Youngstown,* 147 Ohio St. 221, holds that all orders falling within this court's definition of final orders are appealable until the General Assembly acts to modify the jurisdiction of the Courts of Appeal.

Only since *Price* v. *McCoy Sales & Service, Inc., supra,* has Section 2505.02, Revised Code, been an accurate legis-

lative restatement of this court's definition of a final order. It reads, in part, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without trial."

In the first part of his two-part argument, the plaintiff argues that the discovery order in this case falls within the first category of final orders described above, because a substantial right is affected by which the action is determined. He argues that the return of the machine in a changed or damaged condition, which is a possibility because of the lack of safeguards in the discovery order, would, in effect, "end the case."

We agree that the return of the machine in a materially altered condition would confront the plaintiff with a problem of proof as to its condition before and after the inspection. We also agree that the trial court should, upon request by a party against whom a discovery order has been made, limit the order so as to minimize the possibility of such damage to so important an item of evidence. However, we disagree that even the complete destruction of the machine by the defendant would determine the action and prevent a judgment. Both of those elements are required by the particular definition of "final order," to which the plaintiff alludes.

Discovery orders have long been recognized as interlocutory. *Collins* v. *Yellow Cab Co.,* 157 Ohio St. 311; *State* v. *Smith,* 135 Ohio St. 292; *Steele* v. *True Temper Corp.,* 31 O. O. 2d 185; *Gates* v. *Big Boy Beverages,* 93 Ohio App. 331; *Kleybolte* v. *C. H. & I. R. R. Co.,* 11 O. D. 817 (Sup. Ct. 1896); annotation, 37 A. L. R. 2d 586, 615. We find that the order involved in this case is no exception.

In the second part of his argument, the plaintiff ar-

gues, as the Court of Appeals held, that even an interlocutory discovery order may be rendered final, and therefore appealable, if it is the result of an abuse of discretion. No direct authority for this proposition is cited, but an analogy is drawn between the instant case and cases antedating *Price* v. *McCoy Sales & Service, Inc., supra,* which hold that an order for a new trial may be appealed as a final order if, but only if, such order amounts to an abuse of discretion. See *Hoffman* v. *Knollman, supra,* and the cases cited therein. This court suggested a similar analogy, by way of dicta, in the case of *Collins* v. *Yellow Cab Co., supra.*

The doctrine that an interlocutory order becomes final if it amounts to an abuse of discretion seems to appear only in Ohio cases. The first cases adopting the doctrine were *Webster* v. *Pullman Co.,* 51 Ohio App. 131, appeal dismissed, 130 Ohio St. 409, and *Wagner* v. *Long,* 133 Ohio St. 41. After reading the applicable authorities cited in those cases, we are of the opinion that the doctrine was based upon a confusion and the consequent merging of two lines of authority in earlier cases. One line of authority, dealing with jurisdiction, held that new trial orders were not final orders and hence were not appealable. *Conord* v. *Runnels,* 23 Ohio St. 601, paragraph one of the syllabus; *Young* v. *Shallenberger,* 53 Ohio St. 291; *Neuzel* v. *College Hill,* 81 Ohio St. 571; 2 Ohio Jurisprudence 143, Section 126 (1929). The other line of authority, dealing with the scope of review, held that on matters of discretion trial court orders would be disturbed only where there was an abuse of discretion. *Conord* v. *Runnels, supra,* paragraph two of the syllabus; *Beaumont* v. *Herrick,* 24 Ohio St. 445; *Davis* v. *State,* 118 Ohio St. 25, 35.

The incongruity of the doctrine which arose from this confusion becomes apparent when it is realized that the result of the doctrine is to make all discretionary orders falling within the doctrine appealable, whether final or interlocutory. There is little difference between allowing appeals in all cases or only in those in which there is an abuse of discretion, since under either theory *all* orders must be

reviewed for abuse of discretion, and in *all* orders in which such abuse is found there will be jurisdiction to modify. The only difference is in cases where there is no abuse of discretion, and that difference is merely that under one theory the court will review the case, and under the other it will say, "dismissed, no jurisdiction."

With respect to orders for a new trial, where the doctrine arose, the matter is now settled by *Price* v. *McCoy Sales & Service, Inc., supra,* which holds that all new trial orders are final and appealable. In light of that case, and the incongruity of the doctrine itself, we think that the doctrine has outlived any usefulness it may have had. We therefore put to rest the concept that abuse of discretion will, of itself, render final an otherwise interlocutory order.

There being nothing else in either the opinion of the Court of Appeals or the brief of plaintiff justifying the conclusion that the discovery order was a final order, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.