GRANT HOSPITAL, APPELLANT, v. NICHOLS, APPELLEE.

[Cite as Grant Hospital v. Nichols (1971),
27 Ohio App. 2d 166.]

(No. 71-90—Decided April 20, 1971.)

*Messrs. Gingher & Christensen,* for appellant.
*Messrs. Volkema & Post,* for appellee.

TROOP, P. J.  The motion of the defendant, appellee herein, to dismiss this appeal because it is one from an order of the Common Pleas Court which is not a "final" order is on for decision.

Grant Hospital sued Wallace Nichols for the "balance due on an account" in an action filed December 4, 1968. Defendant, Nichols, entered a general denial in an answer to the petition filed December 11, 1968, and alleged negligence on the part of the hospital making need for hospitalization necessary. Subsequently, on May 5, 1969, a cross-petition and interrogatories were filed by the defendant.

Objections were made to some of the interrogatories. A substantial volume of paper work ensued, relative to the questions asked, in the form of objection and justification. The trial court steadfastly insisted that all questions be answered, except the one numbered 63. The extended debates finally boiled down to a cognizable residue found in a decision of the court filed October 2, 1970. In fact, the notice of appeal filed herein indicates an appeal from the "decision" rendered October 2, 1970, and from the "order"

overruling "plaintiff-appellant's motion" for reconsideration rendered March 2, 1971.

Appeal is taken from the order, not the decision, entered March 2, 1971, which, in pertinent part, reads as follows:

"* * * [The Court] finds that its decision of October 2, 1970, which overruled the objections to interrogatories 58(b), 60(b) and 62(b) should be, and hereby is, reaffirmed, and that the motion of plaintiff for reconsideration should be, and therefore hereby is, overruled."

Interrogatories 58(b), 60(b), and 62(b) are the nub of the controversy here to be resolved. Cross-petitioner, Nichols, claims he contracted a "staphylococcus" infection while a patient in the plaintiff hospital, and his discovery effort moves in the direction of determining the presence and extent of the infection before, during, and after his residence as a patient. Interrogatories 57, 59, and 61 ask if there were any "staph" cases treated 90 days before Nichols' admission to Grant, during his admission, and 90 days thereafter. Questions 58, 60, and 62 read: "If so, for each case state." These are followed by (b) which requests the name and address of the person infected. All of the above questions were ordered to be answered by the trial court and from this order an appeal was taken on questions of law.

Plaintiff, Grant Hospital, the appellant, urges that the answers to the three questions will identify 99 persons not parties to the actions, and will also violate "the physician-patient privileges" of those 99 persons and will subject the plaintiff to criticism and possible litigation for the violation of that privilege and for the invasion of each patient's right of privacy.

The petition, in the instant case, was filed prior to the effective date, July 1, 1970, of the Ohio Rules of Civil Procedure, but the several decisions respecting the interrogatories and answers thereto came after that date. Rule 26 deals with discovery. The basic applicable portion of the general treatment reads as follows:

"(B) * * *

"(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including * * * the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Interrogatories, attached to pleadings, are authorized by R. C. 2309.43. The "teeth" of the law is found in R. C. 2309.45, as follows:

"Answers to interrogatories may be enforced by an order of dismissal, judgment by default, or by attachment, as the justice of the case requires. On the trial, such answers, so far as they contain competent testimony on the issues made, may be used by either party."

It is noted that although the trial court required answers to the certain questions the order was not enforced by a dismissal, judgment or attachment. The action is still pending. Such an order is interlocutory, and raises the question as to whether, in this case, it is a final, appealable order.

A final appealable order, according to R. C. 2505.02, is:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding * * *."

The statute indicates two criteria for the determination of a final order. (1) The order must affect a substantial right, and (2) it must "determine" the action and prevent a judgment in favor of the party seeking the review.

There is no confusion in Ohio decision law on the matter. The classic case is *Collins* v. *Yellow Cab Co.* (1952), 157 Ohio St. 311. Many other cases follow the rule in *Collins*. Technically, in this case there may not have been a demurrer to the interrogatories, if indeed there need to have been, since the effective date of Rule 7 (C). Objections

to interrogatories serve the same purpose. The following rule in *Collins* is found in paragraph two of the syllabus:

"The overruling of a demurrer to interrogatories attached to a pleading is not a final order from which appeal may be taken on questions of law, in the absence of a showing that the order of the court overruling such demurrer constitutes an abuse of discretion."

The abuse of discretion doctrine included in *Collins* led to the confusion of the courts. A decision in *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, reiterates basic rules and resolves the abuse of discretion problem. At page 86, the court puts it bluntly, as follows:

"The sole question for determination is whether a discovery order of a trial court is subject to immediate appellate review. We hold that it is not."

Again, the essential criteria are pointed out (at page 87): i. e., the order to be appealable must affect a substantial right and determine the action, preventing, a judgment in favor of the party seeking review. The court cites the *Collins* case and others, holding that "discovery orders have long been recognized as interlocutory." Finally, the court makes two additional comments at pages 88 and 89 where it states:

"The doctrine that an interlocutory order becomes final if it amounts to an abuse of discretion seems to appear only in Ohio cases."

"We therefore put to rest the concept that abuse of discretion will, of itself, render final an otherwise interlocutory order."

Under Rule 26 (B) (1), a party may discover any matter "not privileged." Because, without the decision in *Klein,* it could appear that the trial court might have missed a point of privilege, as appellant contends, the applicable portion of the privilege statute is noted. Part of R. C. 2317.02 reads as follows:

"The following persons shall not testify * * * (A) * * * [A] physician, concerning a communication made to him by his patient in that relation, or his advice to his patient * * *."

Privilege applies to a "communication" made *to* a

physician by his patient "in that relation" or "his advice" *to* his patient. It is difficult to conceive that a name and address given to an admissions clerk falls in this category, or that it might be regarded as a communication if the record shows a patient to have suffered a "staph" infection during a stay at the hospital.

The appeal in this case is predicated upon an interlocutory order which leaves this court without jurisdiction. Appeals must be bottomed upon a final, appealable order.

The motion of the defendant to dismiss the appeal is well taken and is sustained.

The appeal is dismissed at appellant's costs and the cause remanded for further proceedings according to law.

*Appeal dismissed.*

WHITESIDE, J., concurs.

HOLMES, J., concurs in the decision only insofar as it determines that the order of the trial court was an interlocutory order.