KENNEDY, APPELLEE, *v.* CHALFIN, APPELLANT.

(No. 73-775—Decided April 24, 1974.)

*Messrs. Spieth, Bell, McCurdy & Newell* and *Mr. Phillip J. Campanello,* for appellee.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

O'NEILL, C. J. Although the record in this case contains a plethora of pleadings, motions, cross-motions and orders, the only aspect of the litigation presently before this court is the reversal by the Court of Appeals of the trial court's denial of plaintiff-appellee's October 6, 1972, motion for expenses.[1] The dispositive issue is whether the trial court's order overruling the motion is a final and hence appealable order. This court holds that it is not.[2]

The definition of a "final order" is set forth in the first paragraph of R. C. 2505.02:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which

---

[1]The issue of whether the granting of appellant's motion to vacate the default judgment was a final, and hence appealable, order is not before this court. Several of appellee's assignments of error before the Court of Appeals alleged that the trial court erred in granting the motion. In response, appellant argued that the order was not a final order and, therefore, was not yet appealable. The Court of Appeals, for a reason other than lack of finality, affirmed that aspect of the trial court's November 6, 1972, order. Since appellee has not cross-appealed from that segment of the Court of Appeals' judgment, the issue has not been preserved in this court. *Madden* v. *Bower* (1969), 20 Ohio St. 2d 135, 254 N. E. 2d 357.

Nor has appellee sought to defeat appellant's argument that the sanction order in question is not a final order by asserting that the granting of the motion to vacate was a final order disposing of the entire merits of the case, and hence making appealable an order which, by itself, is interlocutory in nature. See *Teaff* v. *Hewitt* (1853), 1 Ohio St. 511.

[2]This decision expresses no opinion as to the propriety of either the denial of appellee's motion for expenses by the trial court, or the reversal of this denial by the Court of Appeals.

may be reviewed, affirmed, modified, or reversed, with or without retrial.''

Appellee, urging that this court affirm the judgment of the Court of Appeals, contends that a motion for an order awarding reasonable expenses, under Civ. R. 37(D), which allows a party to recover reasonable expenses incurred as a result of the other party's failure to attend a deposition, is a ''special proceeding'' within the meaning of R. C. 2505.02, and that the trial court's granting or denial of a motion to recover such expenses not only affects a substantial right therein but also terminates the proceeding.

Neither the General Assembly nor this court has attempted to define with specificity the identifying characteristics of a ''special proceeding'' under R. C. 2505.02. Instead, each case has been decided by reviewing the specific proceeding in question.

In *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 86, 234 N. E. 2d 587, this court stated:

''The sole question for determination is whether a discovery order of a trial court is subject to immediate appellate review. We hold that it is not.''

Discovery orders have long been considered interlocutory. *In re Coastal States Petroleum* (1972), 32 Ohio St. 2d 81, 290 N. E. 2d 844; *Klein* v. *Bendix-Westinghouse Co., supra*; *Collins* v. *Yellow Cab Co.* (1952), 157 Ohio St. 311, 105 N. E. 2d 395. Although none of those cases involved a trial court's granting or denying of a motion for sanctions for a party's failure to comply with discovery requirements, they do stand for the proposition that discovery procedures are not to be considered special proceedings.

In *Snell* v. *Cincinnati Street Ry. Co.* (1899), 60 Ohio St. 256, 54 N. E. 270, this court held that an order overruling an application for a change of venue was not an order made in a special proceeding, and, therefore, was not immediately appealable. In discussing this issue, at page 272 in the opinion, the court described the nature of an application for a change of venue in the following manner:

''* * * The application was made in a pending civil action, and was one authorized to be made in such an ac-

tion. It was a step taken in that action preliminary to its trial, and one which, to be of any avail, it was necessary should be taken before the trial. * * * The order * * * was but an interlocutory one in the progress of the case, which could not be made the foundation of an independent proceeding in error, but was properly reviewable on error prosecuted to the final judgment.''

Similarly, discovery techniques are pretrial procedures used as an adjunct to be a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not ''special proceedings,'' as that phrase is used in R. C. 2505.02. Hence, a sanction order arising out of discovery procedures is not an order rendered in a special proceeding.

The Court of Appeals did not rely upon the ''special proceeding'' provision of R. C. 2505.02 in ruling that the trial court's denial of appellee's motion for expenses was reviewable. Instead, it stated that the denial ''was an abuse of discretion of the magnitude to constitute a final order.'' However, *Klein* v. *Bendix-Westinghouse, supra,* expressly held that abuse of discretion by a trial court does not, of itself, render final, and hence appealable, an otherwise interlocutory order.

There being no other reason advanced in either the opinion of the Court of Appeals or the brief of appellee which would lead this court to conclude that the trial court's denial of appellee's motion for expenses was an appealable order, that portion of the judgment of the Court of Appeals holding the denial to be a final order is reversed, and the cause is remanded to the Cleveland Municipal Court for further proceedings according to law.

*Judgment accordingly.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.