THE STATE OF OHIO, TRUSTEE, APPELLANT, *v.* PORT CLINTON FISHERIES, INC. ET AL., APPELLEES.

[Cite as State *v.* Port Clinton Fisheries, Inc. (1984), 12 Ohio St. 3d 114.]

(No. 83-1396—Decided July 18, 1984.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Terry L. Hord,* for appellant.

*Connelly, Soutar & Jackson, Mr. William M. Connelly* and *Mr. Steven P. Collier,* for appellees.

*Mr. James R. Hanson,* urging reversal for *amicus curiae,* Wildlife Conservation Fund of America.

*Messrs. Bricker & Eckler* and *Mr. Richard C. Pfeiffer, Jr.,* urging reversal for *amicus curiae,* Buckeye State Sheriffs' Association.

*Mr. Michael Miller,* prosecuting attorney, urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys' Association.

*Messrs. Chester, Hoffman & Willcox* and *Mr. Charles Rockwell Saxbe,* urging reversal for *amicus curiae,* Ohio Association of Chiefs of Police.

J.P. CELEBREZZE, J. This appeal presents the issue of whether a trial court order which requires the state to disclose the identities of confidential informants is a final appealable order. For the reasons set forth below we conclude that it is such an order, and thus is subject to immediate appellate review. Accordingly we reverse the holding of the court of appeals and remand for further proceedings.

The courts of appeals have jurisdiction to review final orders of inferior tribunals within their respective districts. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2505.03. R.C. 2505.02 provides, in pertinent part, that a final order is one "* * * affecting a substantial right made in a special proceeding * * *." Initially we must determine whether an order to compel disclosure of the identities of the state's confidential informants affects a substantial right.

The government's qualified privilege to withhold from disclosure the names of informants in criminal cases is well-recognized. *Roviaro* v. *United States* (1957), 353 U.S. 53; *State* v. *Williams* (1983), 4 Ohio St. 3d 74, 76. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. *Roviaro* v. *United States, supra,* at 59. The promise of anonymity to informants encourages the flow of information vital to detection and prosecution of criminal activity. The state is also charged with the duty to protect the public from other illegal, but not necessarily criminal, activities, including protecting the environment, ensuring the safety of the workplace, and, as in the case *sub judice,* conserving wildlife. Confidential informants are often vital to the enforcement of these laws as well. The same considerations which justify the privilege in a criminal proceeding dictate that it be applicable in this civil action as well. Cf. *Wirtz* v. *Continental Finance & Loan Co.* (C.A. 5, 1962), 326 F. 2d 561. We believe that the government may assert the right to withhold the identities of informants in civil actions brought by the state pursuant to its police powers to protect a public trust.

Society has a substantial right to effectively enforce its laws. An order which may severely curtail the state's ability to detect and prosecute violations of law adversely affects that right. *State* v. *Collins* (1970), 24 Ohio St. 2d 107 [53 O.O.2d 302]. Accordingly, a trial court order requiring the disclosure of the identity of the government's confidential informant affects a substantial right.

The second determination to be made is whether the order was made in a "special proceeding." Although no statutory definition is provided, the relevant case law provides that the issue of whether an order is made in a special proceeding is resolved through a practical determination which balances the need for effective and prompt disposition of litigation with the necessity for immediate review because post-judgment appeal is not practicable. *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258 [21 O.O.3d 158]; *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 59. In most civil proceedings, the concern for the prompt and orderly disposition of litigation is paramount, thus prohibiting interlocutory appeals. *State, ex rel. Celebrezze,* v. *K & S Circuits, Inc.* (1983), 6 Ohio St. 3d 354, 356.

This court has consistently held that discovery proceedings are not considered to be special proceedings and thus are not final appealable orders. *Kennedy* v. *Chalfin* (1974), 38 Ohio St. 2d 85 [67 O.O.2d 90]; *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85 [42 O.O.2d 283]. Appellant contends, however, that unlike other discovery orders, an order to compel disclosure of the identity of a confidential informant meets the *Amato* test of a special proceeding, and therefore should be an exception to the general rule prohibiting interlocutory appeals of discovery orders.

Appellant correctly points out that once the identity of a confidential informant is made public, no appeal can ever remedy the harm of that disclosure. In *Columbus* v. *Adams, supra,* at 60, this court stated "* * * when an appeal after judgment is impracticable there must be a stronger and more compelling need shown to foreclose immediate appellate review." Appellees contend that allowance of an appeal will interfere with the prompt disposition of litigation and will unduly burden judicial resources.[1] We believe that whatever delay such an appeal may or may not occasion is clearly outweighed by the prospect of complete foreclosure of any meaningful review of an order with such a significant impact on the effective enforcement of the law.

Accordingly, we hold that a trial court order compelling the government to disclose the identity of a confidential informant is a final appealable order.

---

[1] Appellees suggest that appellant may obtain effective review by failing to comply with the order to disclose, and then perfecting an appeal from the order imposing sanctions. Needless to say, this course would no more further the goal of prompt disposition of litigation than would the allowance of an immediate appeal. The appellate court would still be required to hear the cause, and the trial court would be required to pass on an additional matter, *i.e.,* the appropriate sanction for failure to comply.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed and*
*cause remanded.*

SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, J., concurs separately.

CELEBREZZE, C.J., dissents.

W. BROWN, J., dissents separately.

HOLMES, J., concurring. This court has long recognized the state's interest in and corresponding privilege of withholding from disclosure the identity of persons who furnish information regarding criminal offenses to law enforcement officers. See *State* v. *Williams* (1983), 4 Ohio St. 3d 74; *State* v. *Phillips* (1971), 27 Ohio St. 2d 294 [56 O.O.2d 174]; *State* v. *Roe* (1971), 26 Ohio St. 2d 243 [55 O.O.2d 480]; *State* v. *Beck* (1963), 175 Ohio St. 73 [23 O.O.3d 377]. There are sound reasons of public policy for such holdings in criminal cases in order to further the public interest in effective criminal law enforcement.

There are also sound reasons to extend such legal philosophy to certain civil proceedings within which the government, through one of its agencies, is proceeding on behalf of its citizens. It is reasonable that the state should be able to assert its right to preserve the anonymity of informants in certain civil actions as an exercise of the police power of the state. This would be particularly so in those civil actions that seek the imposition of monetary damages for alleged violations of a public trust which the state is charged to protect, that of the proper conservation of Ohio's natural resources, inclusive of its wildlife, and the protection of Ohio's air and water quality.

The Constitution, statutes, and common law of this state make it quite clear that the control and conservation of wild animals specifically, and of natural resources generally, are within the police power of the state. Section 36, Article II of the Ohio Constitution; *State* v. *Martin* (1957), 105 Ohio App. 469 [6 O.O.2d 214], affirmed, 168 Ohio St. 37 [2 O.O.2d 173].

In a rapidly growing and developing state there are many threats presented to the continued existence of many species of fish in our waters and wildlife in our diminishing forests. Appropriate management of procedures to assist in the maintenance of favorable levels of wildlife is of great importance to Ohio and its citizenry. The Department of Natural Resources, in the enforcement of its wildlife regulations, may not solely depend upon its enforcement officers, but must reasonably rely upon citizens who are vitally interested in the maintenance of the species to report violations to the de-

partment. Enforcement of the laws against the unlawful taking of fish and wildlife, particularly deer, in Ohio is greatly enhanced by the assistance of informants, and it bodes well for the proper continuance of the programs of the department in carrying out this public trust for this court to provide this material legal assistance. Citizens of Ohio must be made aware that they may feel more comfortable in coming forward to provide enforcement information to the appropriate authorities in these types of governmental agency proceedings, and that such informant action will not be disclosed to their personal disadvantage.

For the aforestated reasons, in addition to those set forth in the majority opinion, I am in agreement that the state should be given the appellate right to fully litigate the propriety of the disclosure order.

WILLIAM B. BROWN, J., dissenting. A pretrial discovery order compelling disclosure of a confidential informant in a civil case is *not* a final appealable order pursuant to R.C. 2505.02 because it is not rendered in a special proceeding. Accordingly, I respectfully dissent.

This court, in Kennedy v. *Chalfin* (1974), 38 Ohio St. 2d 85, 88-89 [67 O.O.2d 90], addressed the issue of whether discovery procedures are to be considered special proceedings, stating as follows: "Discovery orders have long been considered interlocutory. * * * [D]iscovery techniques are pretrial procedures used as an adjunct to be [*sic*] a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not 'special proceedings' as that phrase is used in R.C. 2505.02."

Unlike the majority, I see no reason for departing from this rule. The majority has failed to demonstrate to me sufficient justification for carving out an exception to the rule for pretrial discovery orders involving the identity of confidential informants. Such an order is not sufficiently distinct from other discovery orders so as to warrant a deviation from this long-established rule.

The majority in this case has simply failed to accord appropriate significance to the role discovery techniques play in the litigation process. In permitting the interlocutory appeal of this discovery order, the majority has ignored the fact that Civ. R. 37 provides sanctions for failure to provide discovery and has also unwisely encouraged premature appeals on every issue determined unfavorably to a party which will have the unfortunate effect of prolonging litigation and overtaxing judicial resources.