VOSS, Appellee,

v.

VOSS, Appellant;  Center For Human Services, Appellee.

[Cite as *Voss v. Voss* (1989), 62 Ohio App.3d 200.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55473.

Decided June 12, 1989.

*Marshall J. Wolf,* for appellee.

*John W. Hickey* and *Robert J. Chapon,* for appellant.

*James P. Reddy, Jr.,* guardian ad litem.

*Thompson, Hine & Flory, David L. Parham* and *Jennifer E. Millson,* for Center for Human Services.

MATIA, Presiding Judge.

### I. Introduction

Defendant-appellant, Susan M. Voss, appeals from an order by the Cuyahoga County Court of Common Pleas compelling her to execute an authorization for the inspection of records relating to communications between herself and her social worker.

### II. The Facts, Generally

Defendant-appellant Susan Voss and plaintiff-appellee Kenneth C. Voss were divorced in Illinois in May 1981. Custody of their minor child, Steven Voss, born June 8, 1972, was awarded to defendant-appellant. Following the divorce, defendant-appellant moved to Cuyahoga County, Ohio, and plaintiff-appellee moved to Georgia. Ohio is the home state of the child for purposes

of the Uniform Child Custody Jurisdiction Law. R.C. 3109.21(E). Accordingly, plaintiff-appellee filed his motion to modify custody here in Cuyahoga County, asserting that defendant-appellant was mentally unfit, impairing the child's mental and emotional development.

Through the course of discovery, it was revealed that defendant-appellant had seen a social worker for counseling on numerous occasions. Plaintiff-appellee sought the social worker's records for the purpose of preparing for trial. Defendant-appellant refused to release the records, asserting that they were privileged.

A hearing was held before a referee on April 8, 1987. The referee's report, adopted by the trial court, acknowledges the asserted privilege, and notes that if defendant-appellant refuses to waive the privilege, she will be precluded from using the social worker's testimony and records on her own behalf.

Nevertheless, by journal entry of March 4, 1988, the trial court ordered defendant-appellant to execute an authorization releasing the subject records. Defendant-appellant refuses to do so, and hereby timely appeals the trial court's order.

### III. Appellee's Motion to Dismiss

Initially, we address plaintiff-appellee's motion to dismiss this appeal based on an allegedly inadequate record and the lack of a final appealable order. For the reasons set forth below, plaintiff-appellee's motion is denied.

■ The underlying issue of this appeal concerns the propriety of the trial court's order journalized March 4, 1988, compelling the defendant-appellant to execute an authorization for the inspection of her social worker's file, which records constitute confidential, privileged communications pursuant to R.C. 2317.02(G). Plaintiff-appellee correctly notes that the record on appeal does not include a transcript or a statement of proceedings under App.R. 9. We find, however, that the record is sufficient for us to determine the narrow issue presented for review, as stated above.

■ Plaintiff-appellee further contends that this court should dismiss the instant appeal since there is no final appealable order. We disagree.

The term "final order" is defined at R.C. 2505.02 as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, *an order that affects a substantial right made in a special proceeding* or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *." (Emphasis added.)

■ The general rule in Ohio is that a discovery order is not a final order and, therefore, is not subject to immediate appellate review. *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233; *Graines v. Strozier* (Apr. 3, 1986), Cuyahoga App. No. 50337, unreported, 1986 WL 4025. The rule, however, is not without its exceptions.

Discovery orders that affect "a substantial right made in a special proceeding" are considered final and appealable if they satisfy that two-prong test. R.C. 2505.02. Under the facts of this case, there is no requirement in R.C. 2505.02 that the instant order need be accompanied with the magic words of Civ.R. 54(B) regarding "no just reason for delay," contrary to plaintiff-appellee's contentions. The test is merely twofold: (1) the order must affect a substantial right, and (2) the order must be made in a special proceeding.

Two seminal Ohio Supreme Court opinions have excepted, from the general rule concerning the nonappealability of discovery orders, orders that infringe upon certain confidential relationships, such as that between a social worker and her client. *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865; *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877.

Evid.R. 501 leaves the matter of privilege to the Ohio General Assembly, which enacted R.C. 2317.02, "Privileged Communications and Acts," providing in pertinent part:

"The following persons shall not testify in certain respects:

" * * *

"(G) * * * social worker, social work assistant, or independent social worker concerning a confidential communication made to him by his client in that relation or his advice to his client * * *."

Thus, by statute a "substantial right" exists to protect confidential communications between a social worker and her client. This right is undoubtedly affected by an order to waive it, such as the order *sub judice.*

Before we can conclude that the instant order is an appealable "final order," a determination must be made as to whether the order was made in a "special proceeding."

The above-cited Supreme Court cases have set forth guidelines for our consideration in making this determination.

In *Port Clinton Fisheries*, 12 Ohio St.3d at 116, 12 OBR at 159, 465 N.E.2d at 867, the high court stated:

" * * * the issue of whether an order is made in a special proceeding is resolved through a practical determination which balances the need for effective and prompt disposition of litigation with the necessity for immediate

review because post-judgment appeal is not practicable. *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 258 [21 O.O.3d 158, 161, 423 N.E.2d 452, 455–456]; *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 59 [10 OBR 348, 349–350, 461 N.E.2d 887, 889–890]."

This position was restated in *Humphry,* 22 Ohio St.3d at 96, 22 OBR at 131, 488 N.E.2d at 879, where the court sharpened its focus stating:

" * * * The precise query is whether there is an appreciable *need for immediate review,* and only when this is answered in the affirmative will the ordinary course of a proceeding to final adjudication be interrupted." (Emphasis added.)

In *Port Clinton Fisheries, supra,* the high court held that the trial court's order compelling the disclosure of confidential informants was immediately reviewable, and fit within the definition of a "special proceeding" since, once the informant's identity is disclosed, no appeal could possibly remedy the harm of the disclosure. Similarly, in *Humphry, supra,* a trial court's order to the hospital to unveil the names of certain diseased patients was found to amount to a "special proceeding" since the potential harm to the patients, who believed their communications with their doctors were protected by law and confidential, could never be undone by appeal, the high court succinctly stating that "[o]nce the information is divulged, the damage is done."

In short, a particular order is one "made in a special proceeding" if it is a ruling which affects a claim of right that would be irretrievably lost if its review could occur only after final judgment. See, *e.g., State, ex rel. Leis, v. Kraft* (1984), 10 Ohio St.3d 34, 10 OBR 237, 460 N.E.2d 1372; *Bernbaum v. Silverstein* (1980), 62 Ohio St.2d 445, 16 O.O.3d 461, 406 N.E.2d 532.

We find that the instant case presents such a dilemma, and that the scales tip in favor of an immediate review. If we were to dismiss this case and allow the trial court's order to stand, appellant would be compelled to execute an authorization waiving her indisputable privilege, thereby forcing her to disclose statutorily protected communications spoken in confidence and trust. No later appeal could correct the harm caused by the fruition of the order.

Consequently, the order at issue is found to constitute a "final order" pursuant to R.C. 2505.02 since it affects a substantial right, and was made in a special proceeding. Accordingly, this court possesses subject matter jurisdiction and plaintiff-appellee's motion to dismiss is denied.

We now turn to defendant-appellant's assignment of error.

### IV. Assignment of Error Re Discovery Order

In a single assignment of error, appellant contends:

"The trial court erred in ordering the defendant-appellant to sign an authorization releasing her medical records where such matter is confidential, not subject to discovery procedures, and not required under Section 3109.-04(B)."

■ It is defendant-appellant's position that the subject communications are privileged and therefore not subject to discovery even if they are relevant.

As discussed in our ruling on plaintiff-appellee's motion to dismiss, communications between a social worker and her client are unquestionably privileged. R.C. 2317.02(G). Plaintiff-appellee asserts in his brief, however, that since the subject of the communications is relevant to the motion for modification of custody based on defendant-appellant's alleged mental imbalance, the communications are therefore discoverable. We disagree with appellee and find appellant's assignment of error well-taken.

### V.  The Discovery Rule

■ Civ.R. 26(B)(1) defines the scope of discovery:

"Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action * * *." (Emphasis added.)

Thus, it is clear that privileged matter is not rendered discoverable merely because it is relevant. Absent waiver, privileged matter is without the scope of permissible discovery. The record reveals that defendant-appellant has not waived her statutory social worker-client privilege.

Accordingly, the trial court erred in compelling appellant to execute authorization for the release of her privileged communications.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE and FRANCIS E. SWEENEY, JJ., concur.