**The STATE of Ohio, Appellee,**

v.

**MARUT et al., Appellants.**

[Cite as *State v. Marut* (1989), 63 Ohio App.3d 487.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–064.

Decided July 24, 1989.

*Steven C. LaTourette,* Prosecuting Attorney, for appellee.

*Albert L. Purola,* for appellants.

CHRISTLEY, Presiding Judge.

Appellants, Robert and Scott R. Marut, have filed a motion with this court to reconsider its June 2, 1989 memorandum opinion and reinstate appellants' appeal. Appellants argue strenuously that the court's *sua sponte* dismissal of their appeal was contrary to the holding in *State v. Port Clinton Fisheries* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865.

The jurisdiction of this court to hear appeals can be no more extensive than that granted in Section 3(B)(2), Article IV, Ohio Constitution, which restricts it to " * * * such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record * * *." R.C. 2505.02 provides that a final appealable order is:

"An order affecting a substantial right in an action which *in effect determines the action and prevents a judgment,* an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

A final appealable order must therefore affect a substantial right, determine the action or prevent a judgment. If the trial court's order lacks any of these three criterion, "it cannot be a final order, for all three attributes must concur to make it such." *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021.

The order from which appellants are appealing was one in which the trial court mandated that blood samples be taken from appellants in furtherance of the discovery proceedings in a case where appellants were charged with

felonious assault. As this court noted in our earlier opinion, Ohio has held that discovery proceedings are not generally considered special proceedings and orders stemming from them are not subject to interlocutory review. *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233; *Klein v. Bendix–Westinghouse Co.* (1968), 13 Ohio St.2d 85, 42 O.O.2d 283, 234 N.E.2d 587. In *McCarty v. Kimmel* (1989), 62 Ohio App.3d 775, 577 N.E.2d 665, the second appellate district was presented with a trial court order mandating a blood test in a paternity action. The court held that "this case does not involve a 'special proceeding * * *'" and that the order was not a "final appealable order."

Appellants argue that *McCarty* is not binding on this court, given the holding in *Port Clinton, supra. Port Clinton* provided a specific exception to the general rule that discovery opinions are not appealable because of the unusual nature of the discovery request in that case (requiring the state to reveal the identity of an otherwise confidential third-party witness). Appellants cite to the language in *Port Clinton* which states that the question of whether a proceeding is "special" is "resolved through a practical determination which balances the need for effective review because post-judgment appeal is not practicable. 12 Ohio St.3d at 116, 12 OBR at 159, 465 N.E.2d at 867; *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 455.

Ignored in appellants' argument, however, is the fact that the calculus for review of discovery proceedings has been undertaken repeatedly, with the scale leaning overwhelmingly towards the finding that discovery requests are not final appealable orders, absent the special and exceptional public policy circumstances which distinguished *Port Clinton* from its brethren. Thus, *Port Clinton* is the exception not the rule. Appellants nowhere explain how the facts of this case fit within the *Port Clinton* exception. *Port Clinton* is not controlling of all discovery requests and we are more firmly convinced than ever that the instant trial court's order is not a final appealable order.

Appellants also premise their motion for reconsideration on an alleged misinterpretation by this court of the nature of this order. According to appellants, this case does not involve issues of discovery, but instead concerns itself with "forcible blood letting" and the "rearrest of the appellants to stick needles into them." Appellants maintain this position despite conceding that no questions as to the admissibility or the manner of drawing blood are implicated in any way in this appeal.

"The compulsory administration of a blood test is plainly within the broad reach of searches and seizures under the Fourth Amendment." *State*

*v. Holmes* (July 17, 1986), Ross App. No. 1163, unreported 1986 WL 254; *Schmerber v. California* (1966), 384 U.S. 757, 767, 86 S.Ct. 1826, 1833–1834, 16 L.Ed.2d 908, 917–918. A blood test is not considered unreasonable unless the test is performed on the "mere chance" that desired evidence might be obtained; the test chosen to test appellant's blood is unreasonable; the test was performed in an unreasonable manner. *Schmerber, supra;* 2 LaFave, Search and Seizure (1983) Section 4.1(d), at 11–12. *Schmerber* does not even require an adversarial hearing before issuance of these orders, although appellants received one in the case *sub judice. Holmes, supra.*

Appellants' case is also inapposite to the holding in *In re Order Requiring Fingerprinting of a Juvenile* (1989), 42 Ohio St.3d 124, 537 N.E.2d 1286, in which appellants' counsel participated. This court and subsequently the Supreme Court of Ohio reviewed the interlocutory appeal of a discovery order because of questions of the constitutionality of the fingerprinting of juveniles. Nowhere in that case did this court render a blanket decision that all interlocutory discovery orders were immediately appealable, nor can such a holding be gleaned from the subtext and dicta of the case.

Therefore, appellants' motion to reconsider this court's June 2, 1989 order denying its appeal as not emanating from a final appealable order, is denied.

▪ Appellant has also raised questions as to the status of appellee's original motion to dismiss appellants' appeal. Although there are no impediments to this court's denying an appeal *sua sponte,* should it feel that the appeal was not taken from a final appealable order, we see no harm in indulging appellants' zeal for bookkeeping. The June 2, 1989 order of this court is hereby modified by its right hand to reflect that its left hand has now granted appellee's motion to dismiss the appeal.

Appellants have also filed a motion for a stay of the trial court order pending review of this court's original memorandum opinion by the Supreme Court, as well as an alternative writ of prohibition. This court, in conjunction with the writ, imposed a temporary stay of the proceedings until August 9, 1989. Therefore, appellants' motion for a stay in case No. 89–L–14–064 is overruled as moot.

*Judgment accordingly.*

Mahoney and Ford, JJ., concur.