OPINION
{¶ 1} Plaintiff William W. Kreeger appeals a judgment of the Court of Common Pleas of Richland County, Ohio, overruling his motion for a protective order prohibiting defendants Gary L. and Karen Hirt, Hirt Publishing Company, and Hirt Media, Inc. from access to appellant's medical records and medical history. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred by denying appellant's motion for protective order and permitting the appellees access to apellant's [sic] medical records medical history."
 {¶ 3} Generally, interlocutory orders are not appealable pursuant to R.C. 2505.02. However, when the discovery order deals with the physician-patient privilege and confidential communications, the Supreme Court has held a trial court order compelling disclosure of such information constitutes a final appealable order, see Humphrey v.Riverside Methodist Hospital (1986), 22 Ohio St.3d 94, 488 N.E.2d 877. Pursuant to R.C. 2317.02, patient medical records are considered confidential, and covered by the physician-patient privilege.
 {¶ 4} The trial court found the scope of discovery under Evid.R. 26 is broader than mere admissibility at trial. The court held because the appellee had stated an arguably relevant purpose for the questions about appellant's medical history, the motion for protective order should be overruled.
 {¶ 5} A trial court has discretion to decide the relevance of information sought during discovery, Mid-American National Bank Trust Company v. Cincinnati Insurance Company (1991), 74 Ohio App.3d 481,599, N.E.2d 699. The test for relevancy under Civ.R. 26 is much broader than the test utilized for admissibility at trial. Only information which will not reasonably lead to discovery of admissible evidence is deemed irrelevant, Tschantz v. Ferguson (1994), 97 Ohio App.3d 693,647 N.E.2d 507.
 {¶ 6} Our standard of reviewing a trial court's decision on a protective order is the abuse of discretion standard. Absent an abuse of discretion, this court must affirm the trial court's disposition of discovery issues, State ex rel. V Companies v. Marshall (1998),81 Ohio St.3d 467, 692 N.E.2d 198. The Supreme Court has repeatedly held an abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision, Id.
 {¶ 7} We have reviewed the issue, and we find the trial court did not abuse its broad discretion in this instance. Accordingly, the assignment of error is overruled.
 {¶ 8} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, P.J., and Farmer, J., concur.
Edwards, J., dissents