MEMORANDUM OPINION
{¶ 1} On April 5, 2006, appellants, Charles V. Longo and Charles V. Longo Co., L.P.A., filed a notice of appeal from a March 10, 2006 judgment entry of the Geauga County Court of Common Pleas.
 {¶ 2} In the March 10, 2006 judgment entry, the trial court granted the motion for sanctions of appellee, Mary Bender, Esq., and entered judgment in favor of her in the amount of $540. It is from that entry that appellants filed their notice of appeal.
 {¶ 3} On April 12, 2006, appellee filed a motion to dismiss the appeal because the order appealed from is not a final appealable order pursuant to R.C. 2505.02(B). Appellee states that appellants were subjected to sanctions by the trial court in relation to a motion for a protective order filed by appellee on a discovery matter.
 {¶ 4} We note that an issue must be final and appealable on its own for this court to have jurisdiction to address it. The granting of sanctions accompanying a discovery order is not final and appealable. Kennedy v. Chalfin (1974), 38 Ohio St.2d 85,88. In Kennedy, the Supreme Court of Ohio held that "a sanction order arising out of discovery procedures is not an order rendered in a special proceeding." Id. at 89. The Court observed that discovery orders have been considered interlocutory in nature and were not subject to immediate appellate review. Id. at 88.
 {¶ 5} In the case sub judice, the order currently before this court is not a final appealable order within the meaning of R.C.2505.02. However, appellants may be afforded a meaningful and effective remedy as to this alleged error following a final judgment in this case. Furthermore, at the time of the trial court's decision, other issues and claims remained pending in this action.
 {¶ 6} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is dismissed due to lack of jurisdiction.
 {¶ 7} Appeal dismissed.
O'Neill, J., Grendell, J., concur.