JOURNAL ENTRY and OPINION
Plaintiff-Appellant Ohio Leitina Company (OLC) appeals judgments of the trial court denying its motion to compel discovery and denying in part and granting in part appellee city of Cleveland's motion in limine to limit the scope of issues presented to the jury at the trial of its case. OLC assigns the following five errors for our review.
 I. THE COURT DENIED DISCOVERY BY TWICE REFUSING TO COMPEL THE SAME TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT.
 II. THE COURT INDICATED ITS PREJUDICE AGAINST PLAINTIFF-APPELLANT BY STATING UNDER NO CIRCUMSTANCES WILL I ORDER A CONTEMPT ORDER AGAINST THE CITY OF CLEVELAND THE STATEMENT BEING MADE IN CHAMBERS, IMMEDIATELY PRIOR TO TRIAL.
 III. BY PERMITTING A DISPOSITORY MOTION TO BE FILED WITHOUT SERVICE ON COUNSEL FOR THE PLAINTIFF, THAT FILING HAVING TAKEN PLACE LATE ON APRIL 14, 1999, AND BY GRANTING THE SAME ON APRIL 15, 1999.
 IV. BY SIGNING TWO ORDERS NEITHER OF WHICH WERE PRESENTED TO THE CLERK FOR JOURNALIZATION AND CONSEQUENTLY WHICH WERE NOT SERVED.
 V. THE ORDER PRESENTED FOR REVIEW DOES NOT CONTAIN A TRUE REFLECTION OF WHAT TRANSPIRED AT THE HEARING.
Having reviewed the record and the legal arguments of the parties, we must decline to consider OLC's appeal for lack of jurisdiction. The apposite facts follow.
OLC initially filed suit against the city of Cleveland challenging several zoning decisions affecting property on Trisket Road owned by OLC and requesting monetary damages. OLC voluntarily dismissed the suit without prejudice pursuant to Civ.R. 41(A). On June 1, 1998, OLC refiled the suit raising the same claims.
OLC premised its case on five zoning decisions rendered over a thirty-five year period denying various applications to develop the Trisket Road property. The city rendered the decisions in question in 1959, 1961, 1969, 1989 and 1996. OLC sought to prove the city's zoning decisions inappropriately, limited the use of the property and chilled prospective purchasers.
During the discovery phase of the suit, OLC submitted interrogatories to the city. The city responded to OLC's interrogatories in a timely manner. However, OLC considered the city's responses insufficient and sent a letter to the city commenting on the alleged deficiencies. The city chose not to respond to OLC's comments. Subsequently, OLC filed two motions seeking to compel the city to supplement its discovery response. The trial court denied both motions.
The case proceeded to trial on April 15, 1999. Prior to seating a jury, the trial court entertained a motion in limine by the city to exclude any discussion flowing from the city's denial of OLC's property development applications. The city filed its motion with the trial court on April 14, 1999. OLC received a copy of the motion during oral argument on April 15, 1999.
During the oral argument on the motion, the city alleged a two year statute of limitations precluded jury consideration of the city`s zoning decisions from 1959, 1961, 1969, and 1989. Additionally, the city argued OLC failed to refile its claim based on the 1996 decision before the statute of limitations ran and the savings statute did not apply. In response, OLC claimed no statute of limitations existed preventing consideration of the claims because a previous 1951 decision found the city's zoning ordinances unconstitutional. After hearing both parties, the trial judge granted the city's motion in part and denied it in part stating:
 * * * the first four zoning [board decisions], 9/23 of `59, 4/24 of `61 12/15 of `69 and 10/9 of `89 will not be entertained in this litigation. However, I have given the savings statute careful review and counsel does raise some interesting points but I am going to allow the trial to proceed as to the April 19th of 1996 denial.
After discussion of some other preliminary matters, the city moved to quash subpoenas for various city officials on the ground OLC served the subpoenas less than twenty-four hours before trial. OLC stated that it had no objection to that motion. Hearing no objection, the trial court granted the city's motion to quash.
After the trial court partially granted the motion in limine, OLC, rather than go forward with trial, dismissed its claim regarding the 1996 application denial. The trial court cautioned OLC that having previously dismissed the case without prejudice, this dismissal would have the effect of dismissing the entire case with prejudice. The court gave OLC the option to proceed with trial. OLC declined. Having voluntarily dismissed its case, OLC now appeals the trial court's discovery and in limine rulings.
However, we conclude that this Court lacks jurisdiction to entertain OLC's appeal. It is well settled that a voluntary dismissal by a plaintiff operates to nullify the claims brought against the dismissed party. See Denham v. New Carlisle (1999),86 Ohio St.3d 594, 716 N.E.2d 184; DeVille Photography, Inc. v. Bowers (1959), 169 Ohio St. 267, 159 N.E.2d 443. A dismissal leaves the parties as if the plaintiff never filed the action. Id. If no action exists, then nothing exists for this Court to review.
In this case, plaintiff voluntarily dismissed all the parties to this suit. Thus, no parties and no action survived for this Court to review.
Additionally, OLC seeks review of rulings which are not final, appealable orders. Section 3(B)(2), Article IV of the Ohio Constitution sets forth the jurisdiction of Ohio's courts of appeals as follows:
 Courts of appeal shall have * * * jurisdiction * * * to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *. (Emphasis added.)
An order of a court is a final and appealable order only if it meets the requirements of both Civ.R. 54(b) and R.C. 2505.02. Denham, 86 Ohio St.3d at 596, 716 N.E.2d at 186, citing Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64, 67. R.C. 2505.02 provides:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
* * *
 (4) An order that grants or denies a provisional remedy and to which both the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
Denhamtells us that we must read R.C. 2505.02 in conjunction with Civ.R. 54(B), which provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determinationthat there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Consequently, an order which is interlocutory and not determinative of all the rights and liabilities of the parties is not final and appealable.
In this case, OLC challenges the trial court's ruling denying its motions to compel discovery, and the trial court's ruling granting in part and denying in part the city's motion in limine to limit evidence presented to the jury during trial. Neither of these challenged rulings qualify as final, appealable orders. "Discovery orders are pretrial aids to the final disposition of litigation. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,437-438, 639 N.E.2d 83, 96, quoting Kennedy v. Chalfin (1974), 38 Ohio St.2d 85, 89, 310 N.E.2d 233, 235-236. Thus, [d]iscovery orders are interlocutory and, as such, are neither final nor appealable. Id. at paragraph seven of the syllabus.
Likewise, [i]t is axiomatic that a ruling on a motion in limine is a tentative, interlocutory, precautionary ruling by a court in anticipation of its rulings on evidentiary issues at trial. McCabe/Marra Co. v. Dover, (1995) 100 Ohio App.3d 139, 160,652 N.E.2d 236, 250 citing Collins v. Storer Communications, Inc. (1989), 65 Ohio App.3d 443, 584 N.E.2d 766; Bruckner v. Taddie (Mar. 3, 1994), Cuyahoga App. No. 64567, unreported. In this case, OLC voluntarily dismissed its action before the court had an opportunity to finalize its ruling.
It is ordered that appellee recover from appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
 ________________________________ PATRICIA ANN BLACKMON, JUDGE