OPINION
{¶ 1} Petitioner-appellant David B. Stokes, Jr. appeals the November 17, 2005 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, disqualifying his attorney and granting a protective order in favor of petitioner-appellee Susan E. Mills.
 STATEMENT OF THE CASE {¶ 2} On August 30, 1996, appellant filed a petition for dissolution of marriage, with children. Appellant was represented by Attorney David B. Stokes, his father. Appellee was not represented. On October 15, 1996, the parties filed an Agreed Judgment Entry for the dissolution of their marriage. The court awarded custody of the parties' son to appellant, and custody of the parties' daughter to appellee. The trial court did not award child support to either party.
 {¶ 3} In October, 2004, appellee requested Attorney Stokes to represent her in a divorce action with her then husband, Paul D. Mills. On October 11, 2004, Attorney Stokes filed a complaint for divorce on behalf of appellee in case number 04-DR-01477. Attorney Stokes also filed a custody affidavit, a health insurance affidavit, a financial affidavit, and an agreed temporary restraining order on behalf of appellee. On November 24, 2004, appellee dismissed her complaint for divorce.
 {¶ 4} In March 2005, appellee initiated an administrative review through the Licking County Child Support Enforcement Agency to determine appellant's child support obligation. The agency recommended appellant's child support obligation be increased from zero to $491.95 per month, plus the processing fee.
 {¶ 5} On April 19, 2005, on behalf of appellant, Attorney Stokes filed a motion to deviate from the agency's recommendation and to modify the dissolution decree. On July 11, 2005, appellant moved the trial court to compel appellee to respond to discovery. On July 18, 2005, the trial court denied the motion.
 {¶ 6} On August 17, 2005, appellee filed a motion for a protective order and for an order disqualifying Attorney Stokes from representing appellant due to a conflict of interest. On August 31, 2005, Attorney Stokes filed a memorandum contra on behalf of appellant.
 {¶ 7} On September 9, 2005, the magistrate recommended Attorney Stokes be disqualified from representing appellant in this matter due to his former representation of appellee.
 {¶ 8} On September 22, 2005, appellant filed objections to the Magistrate's Decision.
 {¶ 9} On October 12, 2005, the trial court denied appellant's objections and granted the protective order relative to appellant's propounded discovery.
 {¶ 10} On October 19, 2005, appellant filed a motion to reconsider and requested an oral hearing, pursuant to Kala v.Aluminum Smelting Refining Co., Inc. (1998), 81 Ohio St.3d 1.
 {¶ 11} Via Judgment Entry of November 17, 2005, the trial court denied the motion and, via separate judgment entry, disqualified Attorney Stokes and granted appellee's motion for a protective order.
 {¶ 12} Appellant filed a notice of appeal on December 16, 2005, assigning as error:
 {¶ 13} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DISQUALIFYING THE UNDERSIGNED FROM REPRESENTING FIRST PETITIONER-FATHER.
 {¶ 14} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY GRANTING A PROTECTIVE ORDER TO APPELLEE."
 I {¶ 15} In his first assignment of error, appellant argues the trial court erred and/or abused its discretion in disqualifying Attorney Stokes from representing appellant, his son.
 {¶ 16} The trial court has wide discretion in the consideration of a motion to disqualify counsel. Spivey v.Bender (1991), 77 Ohio App.3d 17, 601 N.E.2d 56. Absent an abuse of discretion, the trial court's determination will not be reversed. Cleveland v. Cleveland Elec. Illum. Co. (N.D.Ohio 1976), 440 F.Supp. 193. "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Ent., Inc. v.River Place Community Urban Redev. Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
 {¶ 17} The trial court's November 17, 2005 Judgment Entry, citing City of Cleveland v. Cleveland Electric Illuminating Co.
(1976), 440 F.Supp. 193, holds:
 {¶ 18} "In the instant case, the attorney is not asserted to be "vicariously disqualified" but rather because he actually represented the Second Petitioner in the past. As noted inCampbell v. Independent Outlook Inc. (2004), 10th [D]ist No. 04AP-310 (unreported) where the attorney-client relationship is direct (and not vicarious), the presumption is irrebuttable."
 {¶ 19} Appellant asserts the trial court misapplied the appropriate law, and the presumption of disclosure of confidences is rebuttable, not irrebuttable; accordingly, the trial court was required to conduct an evidentiary hearing.
 {¶ 20} However, the court in Cleveland, supra, held:
 {¶ 21} "Only where an attorney himself represented a client in matters substantially related to those embraced by a subsequent case he wishes to bring against the former client, is he irrebuttably presumed to have benefited from confidential information relevant to the current case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client. But, as Judge Herlands noted in Fleischer (supra at 552), in a case "where the attorney may be `vicariously disqualified' (as by virtue of his former membership in a law partnership), the inference is treated as rebuttable." 370 F.Supp. at 587. (citations omitted)."
 {¶ 22} Where, as here, an attorney personally represents a party, and then personally represents an opposing party in matters substantially related to the prior representation, and the interests of the parties are adverse in the present representation; there is an irrebuttable presumption of shared confidential information. Campbell v. Independent Outlook (Dec. 14, 2004), Franklin App. No. 04AP-310, citing Brant v.Vitreo-Retinal Consultants, Inc. (Apr. 3, 2000), Stark App. No. 1999CA00283.
The trial court did not abuse its discretion in disqualifying Attorney Stokes from representing his son in matters adverse to appellee, as an irrebutable presumption of disclosed confidences arose from his former direct representation of her in a previous divorce action.
 {¶ 23} Appellant's first assignment of error is overruled.
 II {¶ 24} Appellant's second assignment of error asserts the trial court erred in granting appellee's motion for a protective order relevant to interrogatories submitted by appellant. Specifically, appellant argues the trial court erred in determining a response to the interrogatories was privileged.
 {¶ 25} The Ohio Supreme Court has previously held discovery orders are interlocutory and, as such, are neither final nor appealable. See Humphry v. Riverside Methodist Hosp. (1986),22 Ohio St.3d 94, 488 N.E.2d 877, overruled by State ex rel.Steckman v. Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83;Steckman, supra.
Upon review, the trial court's granting of the protective order in favor of appellee is interlocutory and not a final appealable order. R.C. 2905.02(B)(2). Accordingly, we are without jurisdiction to address appellant's second assignment of error.
 {¶ 26} The November 17, 2005 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 17, 2005 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed. Costs assessed to petitioner-appellant.