JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Larry and Diana Klayman ("the Klaymans"), appeal pro se from the June 23, 2008 judgment entry issued by the Common Pleas Court, Domestic Relations Division, that denied their motion to stay, motion to quash, motion for order to return documents, and motion for oral hearing. For the following reasons, we dismiss the appeal.
 {¶ 2} The following facts are relevant to this appeal: In 2003, Larry Klayman and defendant-appellee, Stephanie Ann Luck Deluca ("Deluca") were divorced in Fairfax County, Virginia. Deluca now lives in University Heights, Ohio with the parties' two minor children. In July 2007, Klayman initiated proceedings in the trial court seeking to obtain custody of the children and to modify his child support obligation. Deluca filed her own motions seeking to modify the custody agreement, the child support obligation, and a contempt motion regarding Klayman's nonpayment of support.
 {¶ 3} On April 9, 2008, after Klayman refused to comply with Deluca's discovery requests, the trial court issued Letters Rogatory to order subpoenas for the Klayman's financial records at Colonial Bank in Alabama and Florida.
 {¶ 4} On April 15, 2008, Klayman filed a motion to stay and quash all discovery orders, and a motion for the return of documents received from Colonial Bank.
 {¶ 5} On June 23, 2008, the trial court denied Klayman's motions and held that the financial information and documentation from Colonial Bank were relevant to *Page 4 
the custody and child-support issues in the case. It is from this order that the Klayman's now appeal and raise one assignment of error for our review.
 {¶ 6} "I. Was it legal error for the lower court to enter the judgment entry concerning Petitioner/Appellants' financial records when Petitioner/Appellant had been removed as legal counsel in violation of the Sixth Amendment and the issue was up on appeal; when as a result, Petitioner/Appellants did not even fully brief the issues at the lower court level given this appeal; when Petitioner/Appellant had withdraw [sic] his request to modify child support; and where the judgment entry required the wholesale production of all banking records obtained illegally without proper due process and equal protection from Colonial Bank concerning not just Petitioner/Appellant, Larry Klayman, but records of his wife Diana Klayman, a non-party, which came into existence before they were even married."
 {¶ 7} Pursuant to R.C. 2505.02, an appellate court only has jurisdiction to review final orders or judgments of lower courts. Accordingly, if an order is not final and appealable pursuant to R.C. 2505.02, this Court does not have jurisdiction to consider the matter.
 {¶ 8} Here, the issues being appealed by the Klaymans concern matters of discovery. In general, discovery rulings are interlocutory orders that are not final and appealable because any harm from erroneous discovery is correctable on appeal. See Neftzer v. Neftzer (2000),140 Ohio App.3d 618; Walters v. Enrichment Center of Wishing Well,Inc., 78 Ohio St.3d 118, 1997-Ohio-232; Stokes v. Mills, Licking *Page 5 
App. 05-CA-131, 2006-Ohio-6233, citing Humphry v. Riverside MethodistHosp. (1986), 22 Ohio St.3d 94.
 {¶ 9} However, if a trial court orders a party to disclose allegedly privileged material, it is final and appealable pursuant to R.C. 2505.02(A)(3) and (B)(4).[1] See Briggs v. Mount Carmel HealthSys., Franklin App. No. 07AP-251, 2007-Ohio-5558; King v. Am. Std. Ins.Co., Lucas App. No. L-06-1306, 2006-Ohio-5774; *Page 6 Schottenstein, Zox Dunn v. McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075.
 {¶ 10} Here, the discovery orders objected to by the Klaymans relate to financial information about the parties involved in the custody and child support matters before the trial court. Specifically, DeLuca sought the Colonial Bank records in an attempt to establish Mr. Klayman's income and whether he was colluding with Mrs. Klayman to conceal his income. Information about the income and resources of a party in a post-decree motion to modify custody and child support are directly relevant in such proceedings and are not privileged. SeeGlassman v. Offenberg, Cuyahoga App. Nos. 85838, 85863 and 87175,2006-Ohio-3837 (in a child support proceeding, the trial court must verify income with all suitable documents).
 {¶ 11} Moreover, the Klayman's have not established that the granting of the discovery orders and denial of the motion to stay will foreclose them from appropriate relief in the future if not immediately appealed. See Montecalvo v. Montecalvo (1999), 126 Ohio App.3d 377. Nor have they established, pursuant to R.C. 2505.02(B)(4)(b), that they would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. Accordingly, the June 23, 2008 order from which they appeal is not a final one that may be reviewed by this Court.
 {¶ 12} Because this Court lacks jurisdiction to determine the merits of this appeal, it is hereby dismissed.
 Appeal dismissed. *Page 7 
It is ordered that appellee recover from appellants her costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR
[1] R.C. 2505.02 defines final orders in Ohio and states, in relevant part:
 "(A) As used in this section:
 "***
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 "***
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "***
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Page 1