[Cite as *State v. West*, 2017-Ohio-643.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 16CA3549 |
| v. | : | |
| | | <u>DECISION AND</u> |
| DARRELL W. WEST, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 02/17/2017 |

<u>APPEARANCES:</u>

Darrell W. West, Orient, Ohio, *pro se* Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Darrell W. West, appeals the judgment of the Ross County Common Pleas Court denying his "Motion for Discovery of and/or to Compel Production of Audio/Video Recordings (DVDs or a transcription thereof)." On appeal, West contends that the trial court erred in denying his motion because he needs the evidence to prepare his petition for post-conviction relief; the trial court denied the motion without giving him time to reply to the State's memorandum contra; the trial court failed to rule on his subsequent "Motion for Discovery of and/or to Compel Production of Internal Police Documents"; and the Clerk of Court failed to timely journalize his "Motion for Discovery of and/or to Compel Production of Internal Police Documents." However, because the challenged judgment is not a final appealable order**,** we lack jurisdiction to address the merits of his appeal; and we must **DISMISS** it.

## I. Facts and Procedural Posture

{¶ 2} West was indicted by the Ross County Grand Jury on May 9, 2014, on one count of trafficking in heroin in violation of R.C. 2925.03, a felony of the second degree. A few months later, West pleaded guilty to the charge, was found guilty, and was sentenced to a four-year mandatory prison sentence. West did not file a direct appeal.

{¶ 3} On March 23, 2016, West filed two documents: (1) a "Motion for Discovery of and/or to Compel Production of Audio/Video Recordings (DVDs or a Transcription Thereof)", and (2) a "Motion for Discovery of and/or to Compel Production of Internal Police Documents". In both motions, West indicated that the requested evidence was necessary to prepare his petition for post-conviction relief.

{¶ 4} The State filed a combined memorandum contra to West's motions on March 31, 2016, arguing that West did not have a right to discovery.

{¶ 5} The trial court denied West's "Motion for Discovery of and/or to Compel Production of Audio/Video Recordings (DVDs or a Transcription Thereof)", on April 5, 2016. In its judgment entry, the trial court makes no mention of West's "Motion for Discovery of and/or to Compel Production of Internal Police Documents".

{¶ 6} It is from this judgment that West timely appeals.

## II. Assignments of Error

{¶ 7} West sets forth the following assignments of error for our review:

Assignment of Error I:

> The Court erred by denying Appellant's **MOTION FOR DISCOVERY OF AND/OR TO COMPEL PRODUCTION OF AUDIO/VIDEO RECORDINGS (DVDS OR A TRANSCRIPTION THEREOF).**

Assignment of Error II:

The Court erred by prematurely filing its journal **ENTRY** denying Appellant's **MOTION FOR DISCOVERY OF AND/OR TO COMPEL PRODUCTION OF AUDIO/VIDEO RECORDINGS (DVDS OR A TRANSCRIPTION THEREOF).**

Assignment of Error III:

The Clerk of Courts erred by delaying the journalization of Appellant's **MOTION FOR DISCOVERY OF AND/OR TO COMPEL PRODUCTION OF INTERNAL POLICE DOCUMENTS** for a period of two days after its filing date, because it is incorrectly listed on the Court's docket as being on March 25, 2016, but the actual filing date was on March 23, 2016.

Assignment of Error IV:

The Court erred by its failure to rule on Appellant's **MOTION FOR DISCOVERY OF AND/OR TO COMPEL PRODUCTION OF INTERNAL POLICE DOCUMENTS.**

(Emphasis sic.)

### III. Law and Analysis

### Final, Appealable Order

{¶ 8} As an initial matter, we sua sponte raise the issue of whether the judgment appealed from is a final appealable order, thus granting us jurisdiction to decide this appeal. "[T]he existence of a final appealable order is a jurisdictional question that this Court can, and must when necessary, raise sua sponte." *Savage v. Cody–Ziegler, Inc.,* 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶ 31.

{¶ 9} Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one that affects a substantial right and, in effect determines the action. R.C. 2505.02(B)(1). An order that grants or denies a provisional remedy is also a final appealable order if: (1) the order in effect determines the action with respect to the provisional

remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (2) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. R.C. 2505.02(B)(4). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 (4th Dist.1993), fn. 2; *Kouns v. Pemberton,* 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist.1992).

{¶ 10} " 'Discovery orders have long been recognized as interlocutory,' and are neither final nor appealable." *State v. Colon*, 8th Dist. Cuyahoga No. 103150, 2016-Ohio-707, ¶ 10, quoting *Klein v. Bendix–Westinghouse Automotive Air Brake Co.,* 13 Ohio St.2d 85, 87, 234 N.E.2d 587 (1968). In other words, because the trial court's judgment is subject to revision, it did not fully determine the proceedings. *Id*. We still must consider, however, whether West's post-conviction motion for discovery is a "provisional remedy," and is, therefore, a final appealable order under R.C. 2505.02(B)(4).

{¶ 11} A provisional remedy "means *a proceeding ancillary to an action*, including, but not limited to, a proceeding for a preliminary injunction, attachment, *discovery of privileged matter*, [or] suppression of evidence * * *." (Emphasis added.) R.C. 2505.02(A)(3).

{¶ 12} In the case sub judice, West does not claim that any of the evidence sought in his discovery motion is privileged. More importantly, however, West's motion is not ancillary to any action or court proceeding currently in existence. Although West claims that he plans to use the evidence to prepare and file a petition for post-conviction relief, no petition has been filed. Accordingly, West's post-conviction motion for discovery is not a "provisional remedy" as defined by R.C. 2505.02(A)(3). *See Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514,

2007-Ohio-607, 861 N.E.2d 519, ¶¶ 26-27 (holding that a motion to intervene for the purpose of establishing a record in a separate action is not an ancillary proceeding to an action and does not qualify as a provisional remedy for the purposes of R.C. 2505.02).

### IV. Conclusion

{¶ 13} Upon review, we find that the trial court's denial of West's post-conviction motion for discovery is interlocutory, as opposed to final, and does not affect a substantial right. Furthermore, as previously discussed, West's motion is not a "provisional remedy" as defined by R.C. 2505.02(A)(3). Because the trial court's judgment denying the motion is not a final appealable order, we do not have jurisdiction to consider this appeal. Therefore, we **DISMISS** this appeal.

**APPEAL DISMISSED.**

**JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.