[Cite as *State v. Howard*, 2023-Ohio-2001.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2020 CR 0333 |
| | : | |
| DANIEL C. HOWARD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 16, 2023

. . . . . . . . . . .

MEGAN HAMMOND, Attorney for Appellee

BRANDON A. MOERMOND & FRANK M. BATZ, Attorneys for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Daniel C. Howard appeals from a trial court judgment denying his timely petition for post-conviction relief following his conviction for aggravated possession of drugs and aggravated trafficking of drugs. Because Howard did not present an affidavit or any other supporting evidentiary documents containing operative facts that would, if proven, establish a substantive ground for relief, the trial court did not abuse its

discretion in denying the petition without a hearing. The judgment of the trial court is affirmed.

## I.  Factual and Procedural Background

{¶ 2} Howard was indicted on one count of aggravated trafficking of drugs and one count of aggravated possession of drugs, both involving methamphetamine in an amount equal to or exceeding 100 times the bulk amount, felonies of the first degree. He entered a not guilty plea, and the matter proceeded to a jury trial in May 2021.

{¶ 3} At Howard's trial, the State presented evidence about the suspicious delivery of packages to Howard's residences.   A canine had alerted to one of the packages, and the postal inspector obtained a search warrant to open it; methamphetamine was found inside.   After surveillance and some controlled deliveries, Howard was arrested. When questioned by detectives, he claimed that the packages had been delivered to his address for his girlfriend, Monica Foster.

{¶ 4} Foster testified for the State at trial.   She testified that, several times a week over a period of months, she drove Howard and certain packages to Mike Lyric's house in Dayton, Ohio, and, as payment, Howard received $40 from Lyric and gave Foster $20 and methamphetamine. Foster further testified that, after she became curious about what the packages contained, Howard told her that the packages he delivered to Lyric contained methamphetamine.

{¶ 5} The jury returned guilty verdicts as to both counts charged in the indictment, and Howard was sentenced to an indefinite prison term of 11 to 16 ½ years.

{¶ 6} Howard appealed, alleging that his conviction was against the manifest

weight of the evidence. We rejected Howard's assignment of error and affirmed his conviction. *State v. Howard*, 2d Dist. Montgomery No. 2021-CA-33, 2022-Ohio-1609.

{¶ 7} Thereafter, Howard filed a timely petition for post-conviction relief with a request for a hearing, arguing that he had been denied due process as guaranteed by the Fourteenth Amendment of the United States Constitution. In his petition, Howard argued that Foster had made false statements at his trial and the State knew or should have known that Foster's testimony was false. The trial court denied Howard's petition for post-conviction relief without a hearing, finding that he had failed to submit any evidentiary material in support of his petition and, thus, failed to provide sufficient facts to demonstrate a constitutional deprivation.

{¶ 8} Howard now appeals from the judgment denying his petition for post-conviction relief.

## II.    Assignment of Error

{¶ 9} Howard's sole assignment of error is as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF ON GROUNDS TESTIMONY GIVEN BY A MATERIAL WITNESS WAS FALSE AND APPELLEE KNEW OR SHOULD HAVE KNOWN IT WAS FALSE.

{¶ 10} According to Howard, over the course of several telephone conversations between him and Foster while he was in prison, Foster became willing to admit and testify that she had perjured herself at Howard's trial when she alleged that Howard had been

responsible for the delivery of the packages containing methamphetamine. However, Howard asserts that Foster disappeared after she expressed her willingness to testify and that his attorney has been unable to locate her in order to obtain her affidavit.

{¶ 11} R.C. 2953.21 governs petitions for post-conviction relief. R.C. 2953.21(A)(1)(a) provides:

A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense * * * and who claims there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

{¶ 12} "A petition for 'postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Mott*, 2d Dist. Clark No. 2021-CA-63, 2022-Ohio-2894, ¶ 10, quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). The postconviction relief process is a civil collateral attack on a criminal judgment and is not an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 13} The petitioner "may file a supporting affidavit and other documentary

evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b). The trial court is required to consider the petition and any supporting affidavits and documentary evidence. R.C. 2953.21(D). "When the evidence a defendant relies upon [is] dehors the record that evidence must meet a threshold of cogency. * * *." *State v. Hill*, 2d Dist. Greene No. 2004-CA-79, 2005-Ohio-3176, ¶ 8, quoting *State v. Lawson*, 103 Ohio App.3d 307, 659 N.E.2d 362 (12th Dist.). "Cogent evidence is that which is more than 'marginally significant' and advances a claim 'beyond mere hypothesis and desire for further discovery.' " *Id.*

{¶ 14} A postconviction relief petitioner is not automatically entitled to a hearing. *Calhoun* at 282. Instead, "a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. Before granting a hearing on a petition, the trial court shall determine whether there are substantive grounds for relief. *State v. Perry*, 2016-Ohio-4582, 66 N.E.3d 1109, ¶ 24 (2d Dist.). It is the petitioner's initial burden to provide evidence containing sufficient operative facts to show a cognizable claim of constitutional error. *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983). A post-conviction relief petition may be denied, and no hearing is necessary, if the petition and its supporting evidentiary documents do not contain operative facts that would, if proven, establish a substantive ground for relief. *State v. Armstrong*, 56 Ohio App.3d 105, 108, 564 N.E.2d 1070 (8th Dist.1988). "A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than [his] own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review." *Kapper* at 38. "Broad conclusory allegations are

insufficient, as a matter of law, to require a hearing." *State v. Coleman*, 2d. Dist. Clark Nos. 2004-CA-43, 2004-CA-44, 2005-Ohio-3874, ¶ 17.

{¶ 15} "We review a trial court's denial of post-conviction relief under R.C. 2953.21 for an abuse of discretion * * *." *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 45. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 8.

{¶ 16} Howard argues that Foster made false statements at Howard's trial and that the State knew or should have known her testimony was false. According to Howard, Foster and Howard had multiple telephone conversations while he was in prison, which were recorded. Howard alleges that his counsel subpoenaed those recorded telephone conversations to serve as evidence for Howard's post-conviction petition, but receipt of the recordings was delayed and certain conversations were corrupted. Howard also alleges that his counsel was unable to obtain the recorded conversations in time to meet the post-conviction petition filing deadline and thus that evidence was not available for consideration by the trial court. Howard argues that Foster's testimony was the only evidence presented at trial directly connecting Howard to the packages containing methamphetamine. He further argues that the trial court committed prejudicial error in denying his petition for post-conviction relief. We disagree.

{¶ 17} Howard filed his petition for post-conviction relief but did not offer any affidavit or any other evidence to support his petition. While Howard argues that Foster only offered perjured testimony at trial, he did not specify any details about the alleged

nature of Foster's untrue testimony or her claimed admission that she had lied at his trial. Instead, Howard offered bare allegations that Foster admitted to making untrue statements at trial. Moreover, although Howard claims that Foster admitted to perjuring herself on a recorded prison call, Howard did not provide any details about the call, including the date, time, participating parties, or the particulars of the conversation, and he did not include a recording or synopsis of the call or his own affidavit as evidence. Howard had the initial burden to provide evidence containing sufficient operative facts to establish a cognizable claim of constitutional error, but the self-serving statements and broad conclusory allegations in his petition were legally insufficient to rebut the record or to require a hearing in the trial court.

{¶ 18} Additionally, while Howard alleges that the State was aware of Foster's untruthfulness, he presented no credible evidence to support this assertion, and his petition stated that a hearing was necessary to determine *if* the State was aware of Foster's false statements. Howard presented no evidence demonstrating or suggesting that the State knowingly allowed Foster to offer perjured testimony at trial. As a result, Foster did not establish a violation of his constitutional rights.

{¶ 19} Howard's sole assignment of error is overruled.

### III.    Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.