[Cite as *State v. Stinson*, 2024-Ohio-1298.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29925 |
| | : | |
| v. | : | Trial Court Case No. 2013 CR 00237 |
| | : | |
| JESSE M. STINSON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 5, 2024

. . . . . . . . . . .

JESSE M. STINSON, Appellant, Pro Se

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Jesse M. Stinson appeals pro se from the trial court's decision, order, and entry overruling 18 of his motions, including an untimely and successive motion for a new trial and petition for post-conviction relief.

{¶ 2} In eight assignments of error, Stinson challenges the trial court's overruling of his motion for leave to file a new-trial motion, his new-trial motion, and his post-

conviction relief petition. He contends the trial court erred in finding that he had failed to demonstrate being unavoidably prevented from seeking relief sooner, that it lacked jurisdiction over some matters, and that he was not entitled to have certain evidence tested.

{¶ 3} For the reasons set forth below, we see no error in the trial court's overruling of Stinson's motions or in its denial of post-conviction relief. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Stinson was convicted of murder and other serious offenses following a 2014 jury trial. He received an aggregate sentence of 32 years to life in prison. The convictions involved Stinson fatally shooting the victim, Tyree North, during a drug dispute and then stealing items from North's home. The State's evidence included testimony from an eyewitness, James Demmons, who observed the shooting. This court affirmed Stinson's convictions on direct appeal, overruling assignments of error addressing the weight and sufficiency of the evidence, an earlier new-trial motion, and merger of allied offenses. *See State v. Stinson*, 2d Dist. Montgomery No. 26449, 2015-Ohio-4405.

{¶ 5} In May 2015, Stinson filed a petition for post-conviction relief. The trial court denied relief, and Stinson did not appeal. Thereafter, in February 2018, he moved for a new trial based on newly-discovered evidence. Less than two weeks later, he filed a second new-trial motion. The trial court overruled both new-trial motions in September 2018. This court affirmed on appeal in *State v. Stinson*, 2d Dist. Montgomery No. 28148, 2019-Ohio-3400.

{¶ 6} Between April and August 2023, Stinson filed 18 additional pro se motions. They included (1) a motion to waive fees, costs, or fines, (2) a successive post-conviction relief petition, (3) a motion for post-conviction discovery, (4) a motion for disclosure of plea agreements and unsealing of agreements, (5) a motion for leave to exceed page limitations, (6) a motion for leave to file a delayed successive motion for new trial, (7) a motion for disclosure of criminal records, (8) a motion for leave to examine witnesses or take depositions, (9) a motion to inspect and test physical evidence, (10) a delayed successive motion for new trial, (11) a second motion for disclosure of criminal records, (12) a second motion for post-conviction discovery, (13) a motion to strike, (14) a motion for stay, (15) a motion for leave to file reply, (16) a motion for production of prosecuting attorney's notes, (17) a motion for production of audio and video recordings, and (18) a motion for leave to file an amended successive new-trial motion.

{¶ 7} The trial court addressed and overruled all 18 motions in an August 16, 2023 decision, order, and entry. This appeal by Stinson followed. We will resolve Stinson's eight assignments of error in an order that best facilitates appellate review.

## II. Analysis

{¶ 8} Stinson's first assignment of error states:

**I. The Trial Court Erred When It Based Its Denial Of The Motion For Leave On The Meritlessness Of The Appellant's Motion For New Trial Claims And Did So Without An Evidentiary Hearing.**

{¶ 9} Stinson contends the trial court erred in denying him leave to file his new-trial motion based on a determination that the claims raised in his proposed motion lacked

merit. He cites *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, in which the Ohio Supreme Court stressed that the issue when a defendant seeks leave to move for a new trial is whether "he was unavoidably prevented from discovering the evidence on which he seeks to base his motion." *Id.* at ¶ 33. "Unless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court." *Id.*

{¶ 10} Unlike *Hatton*, the trial court did not sidestep the threshold issue regarding whether Stinson had been unavoidably prevented from filing a timely new-trial motion and deny him leave based on a finding that his proposed claims lacked merit. Instead, the trial court mentioned three substantive issues contained in Stinson's proposed new-trial motion only in the context of finding that he had not demonstrated being unavoidably prevented from timely raising them. *See* Trial Court's August 16, 2023 Decision, Order, and Entry at 10-11. The first assignment of error is overruled.

{¶ 11} Stinson's third assignment of error states:

**III. The Trial Court Abused Its Discretion When It Denied Appellant Leave When He Presented Sufficient Operative Facts and Supporting Evidence To Establish He Was Unavoidably Prevented From Discovering The State Had Suppressed Information And That It Was Material, Without A Hearing Or Affording Him An Opportunity To Conduct Discovery.**

{¶ 12} Stinson contends he established being unavoidably prevented from discovering the evidence needed to support a claim raised in his new-trial motion. The

claim at issue purported to be predicated on new evidence of an undisclosed deal between the State and James Demmons, a key prosecution witness at trial.

{¶ 13} Stinson's new-trial motion was untimely by many years under Crim.R. 33. Therefore, he needed leave to file it. To obtain leave to pursue a claim based on newly-discovered evidence, he was required to demonstrate that he had been unavoidably prevented from discovering his new evidence within the time provided by Crim.R. 33(B).

{¶ 14} In denying Stinson leave, the trial court identified a fundamental problem— Stinson possessed no new evidence of an undisclosed agreement. In his motion for leave, Stinson referenced "the possibility" of "a constructive and/or contingency plea to the un-charged co-defendant [Demmons], after the state presented to the jury, that it never offered him a plea for his testimony[.]" *See* Defendant's April 10, 2023 Motion for Leave to File a Delayed Motion for New Trial Instanter at 5. Stinson acknowledged, however, that he still lacked evidence to prove the existence of a secret agreement between the State and Demmons. *Id.* at 5-6. He explained that he intended to obtain such evidence through a motion for post-conviction discovery. But Stinson never obtained the evidence because the trial court overruled the discovery motion. That being so, the trial court correctly reasoned that Stinson could not establish unavoidable delay in obtaining evidence that he still did not possess. Accordingly, the third assignment of error is overruled.

{¶ 15} Stinson's second, fifth, sixth, and eighth assignments of error address the trial court's denial of statutory post-conviction relief. These assignments of error state:

**II. The Trial Court Erred When It Found It Did Not Have Jurisdiction To**

**Entertain His Petition Based On The Denial Of His Right To A Public Trial And Finding That His Right Was Not Violated, Without A Hearing Or The Opportunity To Conduct Discovery.**

**V. The Trial Court Erred When It Found It Did Not Have Jurisdiction To Determine If Appellant's Counsel Was Ineffective For Failing To Object To The Seating Of A Biased Juror And Abused Its Discretion In Not Finding Counsel Ineffective, Without A Hearing.**

**VI. The Trial Court Erred When It Found It Did Not Have Jurisdiction To Entertain His Complaint Of His Due Process Right To Be Present At Every Stage Of The Proceeding When The Trial Court Altered Its Instructions To The Jury, Outside His Presence, In Spite Of Counsel's Objections, Without A Hearing.**

**VIII. The Trial Court Erred When It Found That It Did Not Have Jurisdiction To Entertain His Petition And Counsel Was Not Ineffective For Failing To Investigate And Interview Officer With Exculpatory Information Regarding His Case.**

{¶ 16} The foregoing assignments of error address issues raised in Stinson's untimely and successive petition for post-conviction relief, which he filed years after the time required by R.C. 2953.21. The time requirements in the statute are jurisdictional. Therefore, the trial court could not entertain Stinson's petition unless he established (1) that he had been unavoidably prevented from discovering the facts on which his post-conviction claims depended and (2) but for constitutional error at trial no reasonable

factfinder would have found him guilty. R.C. 2953.23(A)(1).

{¶ 17} Stinson's second assignment of error involves a post-conviction claim concerning an alleged "partial closure" of the courtroom during his trial. He contends the trial court unlawfully denied access to certain spectators, thereby depriving him of his right to a public trial and committing structural error. Stinson claims he discovered the violation when he obtained a copy of his trial transcript in August 2021 and learned that the issue had arisen during a sidebar discussion between the trial court and counsel.

{¶ 18} Stinson's fifth assignment of error concerns a claim for post-conviction relief based on the seating of a juror who was a distant third cousin of a detective who testified at trial. In his petition, Stinson alleged that the juror had failed to disclose this relationship during voir dire. He acknowledged, however, that the juror disclosed the relationship at the outset of the detective's testimony immediately upon realizing it. During a sidebar, the juror explained that she saw the detective perhaps once a year and almost never spoke to him. She assured the trial court and respective counsel that she had never discussed the case with him and that she could remain impartial. Defense counsel did not object to her remaining on the jury.

{¶ 19} Stinson's sixth assignment of error involves a post-conviction claim about the trial court responding to a jury question during deliberations. In his petition, Stinson alleged that the jury sent the trial court a note asking to review the testimony of two witnesses. Over defense counsel's objection, the trial court responded that the jurors could review a witness's testimony but that they had to review all of that witness's testimony. The trial court also cautioned the jurors to consider any testimony they

reviewed in the context of all evidence presented at trial. Stinson argued that his rights were violated because he was not present when the trial court resolved the foregoing issue.

{¶ 20} Stinson's eighth assignment of error addresses a post-conviction claim predicated on defense counsel's failure to investigate and interview a police officer who testified at trial. In his petition, Stinson noted that the State had presented trial testimony about him "slamming" a laptop computer to the ground at the time of his arrest. He argued, however, that his discovery file contained a report from another officer who had interviewed him after his arrest. The report purportedly included a reference to Stinson telling the officer that he accidentally had dropped the laptop. Stinson claimed entitlement to a new trial based on his trial counsel's ineffectiveness for failing to interview the officer whose report contained this information about him dropping rather than slamming the laptop.

{¶ 21} With regard to the foregoing claims, the trial court held that Stinson had failed to make either showing required by R.C. 2953.23 to file his petition. The trial court reasoned: "All of Defendant's arguments as well as the evidence before the Court indicate that Defendant received or had all of the facts upon which he relies prior to the conclusion of his trial, so there was no unavoidable delay. In addition, Defendant has not demonstrated by clear and convincing evidence that his claimed errors would have led to a not guilty finding." August 16, 2023 Decision, Order, and Entry at 6.

{¶ 22} We see no error in the trial court's denial of Stinson's petition. Regardless of whether he had been unavoidably prevented from discovering the facts on which his

post-conviction claims depended, he unquestionably failed to establish that but for constitutional error at trial no reasonable factfinder would have found him guilty. With regard to the second assignment of error, we are unpersuaded that Stinson's trial was rendered fundamentally unfair or that he would have been acquitted but for the exclusion of a few spectators. Stinson's assertion of structural error does not alter our conclusion. Although the denial of a public trial can be structural error, a defendant nevertheless still must establish prejudice when the issue is examined in post-conviction proceedings. *State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 26, citing *Weaver v. Massachusetts*, 582 U.S. 286, 137 S.Ct. 1899, 198 L.Ed.2d 420 (2017).

**{¶ 23}** We reach the same conclusion as to Stinson's other post-conviction claims. With regard to the fifth assignment of error, the juror acknowledged her distant relationship to a witness as soon as she realized it. The trial court questioned the juror, who professed that she could remain impartial. Stinson failed to demonstrate that no reasonable factfinder would have found him guilty but for his attorney's failure to object to the juror's continued participation.

**{¶ 24}** With regard to the sixth assignment of error involving Stinson's absence when the trial court and counsel decided how to respond to a note from the jury, his absence was not error given his attorney's presence. *See, e.g., State v. Pullen*, Montgomery No. 25829, 2015-Ohio-552, ¶ 25. Moreover, we see no likelihood that the jury would have acquitted him but for his absence.

**{¶ 25}** With regard to his eighth assignment of error, Stinson failed to demonstrate that no reasonable factfinder would have found him guilty but for his attorney's failure to

interview a police officer whose report contained information about his dropping rather than slamming a laptop computer. The laptop was just one of several items that Stinson stole from the home of the victim, Tyree North, after shooting North. Stinson was in possession of the laptop at the time of his arrest. Police later found the other items in a home where Stinson often stayed. At trial, a detective testified that Stinson slammed the laptop to the ground during a foot chase that ended in his arrest. Stinson's argument in his post-conviction relief petition was that he simply had dropped the laptop and that he had told another officer that after his arrest. Once again, however, Stinson failed to demonstrate that no reasonable factfinder would have convicted him but for his attorney's failure to investigate and interview the officer who took his statement about dropping the laptop. Accordingly, Stinson's second, fifth, sixth, and eighth assignments of error are overruled.

**{¶ 26}** Stinson's fourth assignment of error states:

**IV. The Trial Court Abused Its Discretion When It Denied Appellant Leave Because He Was Not Aware Of The Juror Failing to Answer Questions During Voir Dire That, Had A Correct Response Been Given, Would Have Provided A Valid Basis For A Challenge For Cause, Without A Hearing And An Opportunity To Conduct Discovery.**

**{¶ 27}** This assignment of error involves the same juror issue we addressed above in the context of Stinson's post-conviction relief petition. In his fourth assignment of error, Stinson raises the issue again in the context of his new-trial motion. He argues that the trial court should have granted him leave to move for a new trial based on juror

misconduct.

{¶ 28} The trial court rejected Stinson's argument, concluding that he had not been unavoidably prevented from discovering the issue sooner. The trial court noted that Stinson had attended voir dire and his trial. But even if we assume, arguendo, that Stinson made a prima facie showing of being unavoidably prevented from timely raising the issue (because he did not participate in the trial court's in-chambers discussion with the juror), there is no reason for a remand. As noted above, Stinson filed a new-trial motion contemporaneously with his motion for leave. Ordinarily, courts are not to consider the merits of a new-trial motion when considering whether leave should be granted to file it. *Hatton* at ¶ 30.

{¶ 29} In *State v. Bethel*, 167 Ohio St.3d 367, 2022-Ohio-783, 192 N.E.3d 470, however, the Ohio Supreme Court reasoned that when a claim is rejected on the merits in the context of post-conviction relief analysis, granting a defendant leave to seek a new trial on the same claim would be futile even if Crim.R. 33's unavoidably-prevented requirement has been satisfied. The *Bethel* court reasoned:

> * * * [E]ven assuming arguendo that Bethel would be entitled to a hearing on his motion for a new trial, the hearing would be an exercise in futility, because we have concluded [under post-conviction relief analysis] that Bethel's *Brady* claim, which is the basis of his motion, is without merit. Therefore, it is unnecessary to remand Bethel's motion for leave to file a motion for a new trial under Crim.R. 33 to the trial court, because we find that the motion for a new trial would be without merit."

*Id.* at ¶ 59; *see also State v. Hale*, 8th Dist. Cuyahoga No. 112163, 2023-Ohio-3894, ¶ 46 (recognizing that in *Bethel* the Ohio Supreme Court "contemplated the merits of the proposed motion for new trial because earlier in the same decision the court was required to assess the merits of identical claims raised in the defendant's separately filed successive petition for postconviction relief").

{¶ 30} We reach the same conclusion here. Given our resolution of the juror issue in the context of Stinson's post-conviction relief petition, remanding for a hearing on the issue in the context of his new-trial motion would be an exercise in futility. As we explained above, the juror assured the trial court and respective counsel that she could remain impartial despite her distant relationship with a witness. Defense counsel did not object to her remaining on the jury. Based on the juror's responses to questioning by the trial court and defense counsel's lack of an objection, we see no likelihood that the juror's continued presence materially affected Stinson's substantial rights. Therefore, he has no conceivable grounds for a new trial under Crim.R. 33(A) predicated on the issue. The fourth assignment of error is overruled.

{¶ 31} Finally, Stinson's seventh assignment of error states:

**VII. The Trial Court Abused Its Discretion When It Denied Appellant Leave to Conduct Testing Of Items That Would Have Undermined The Theory Of Guilt Used To Convict Him.**

{¶ 32} Stinson challenges the trial court's overruling of his motion to inspect and test ammunition that had been loaded into a handgun, a spent bullet recovered from the victim's head, and a box of ammunition. In his motion, Stinson argued that the loaded

ammunition, the bullet, and the box of ammunition were evidentiary items relied on by the State at trial. He desired to test these items in the hope of establishing that the ammunition in the box did not match what was found in the handgun or the fired bullet. Stinson claimed such a determination would support his new-trial motion, which asserted the existence of newly-discovered evidence that the ammunition in the box did not match the ammunition in the firearm or the projectile recovered from the scene. Stinson's motion to inspect and test the foregoing items cited no supporting authority.

{¶ 33} The trial court held that Stinson had no legal right to the requested discovery. To the extent that it might have possessed discretion to permit the testing, the trial court declined to allow it. We see no error in the trial court's overruling of Stinson's motion. At trial, the State presented evidence of Stinson possessing a .380 caliber pistol shortly before his arrest. Police later found a .380 caliber pistol in a large planter very near the site of Stinson's arrest. The weapon's magazine contained four .380 caliber bullets. In addition, a box of .380 caliber ammunition was found in the home of Stinson's girlfriend. DNA testing of the recovered pistol revealed a DNA mixture from which Stinson could not be excluded. Only one in every 132 people could have been a contributor. A bullet fired from the recovered pistol was compared to a bullet recovered from the victim's head. Based on that comparison, an expert witness for the prosecution opined that the recovered pistol had fired the bullet that killed the victim.

{¶ 34} On appeal, Stinson cites no legal authority entitling him to conduct additional testing on the ammunition that had been loaded into the handgun, the spent bullet recovered from the victim's head, or the box of ammunition found in his girlfriend's

house. There is no right to court-assisted discovery in a closed criminal case to obtain evidence to support a new-trial motion. *State v. Hoover-Moore*, 2015-Ohio-4863, 50 N.E.3d 1010, ¶ 23 (10th Dist.). The seventh assignment of error is overruled.

### III. Conclusion

**{¶ 35}** Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.