[Cite as *State v. Howard*, 2025-Ohio-4682.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-4 |
| Appellee | : | |
| | : | Trial Court Case No. 2020 CR 0333 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DANIEL C. HOWARD | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 10, 2025, the appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

RONALD P. KELLER, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant Daniel C. Howard appeals from the judgment of the Greene County Court of Common Pleas denying his motion for postconviction discovery. Because this judgment is not a final appealable order that this court has jurisdiction to review, Howard's appeal is dismissed.

**Facts and Course of Proceedings**

{¶ 2} On June 12, 2020, a Greene County grand jury returned an indictment charging Howard with one count of first-degree felony aggravated trafficking in drugs and one count of first-degree felony aggravated possession of drugs. Howard pled not guilty to the charges, and the matter proceeded to a jury trial in May 2021.

{¶ 3} During trial, the State presented evidence establishing that Howard had repeatedly received overnight express packages from Phoenix, Arizona, and would deliver the packages, unopened, to the residence of a methamphetamine dealer named Mike Lyric. Howard's girlfriend, Monica Foster, testified at trial and confirmed that Howard had delivered numerous packages to Lyric over a period of several months. Foster acknowledged that she had told detectives that Howard received approximately $40 for delivering the packages to Lyric. Foster said that Howard gave her meth and paid her $20 for driving him to Lyric's residence when a package needed to be delivered. Foster admitted that Howard had told her that the packages he delivered to Lyric contained methamphetamine.

2

{¶ 4} Howard testified in his defense and conceded to accepting packages and delivering them to Lyric. Howard, however, denied that Lyric was a drug dealer and claimed that he did not know what was inside the packages. Howard testified that he assumed he had been accepting car parts for Lyric. On cross-examination, Howard admitted to telling detectives that the packages could have contained pills.

{¶ 5} The jury found Howard guilty of both aggravated trafficking in drugs and aggravated possession of drugs. During sentencing, the trial court merged the offenses and the State elected to have Howard sentenced for the trafficking offense. Following the State's election, the trial court sentenced Howard to a mandatory, indefinite term of 11 to 16.5 years in prison. Howard then appealed from his conviction, challenging it on manifest weight grounds. This court rejected Howard's manifest weight claim and affirmed his conviction. *State v. Howard*, 2022-Ohio-1609 (2d Dist.).

{¶ 6} Following the affirmance of his conviction, on November 1, 2022, Howard moved the trial court for an order directing the Ohio Department of Rehabilitation and Correction to release recorded phone calls that he had made to Foster while he was incarcerated at the Belmont Correctional Institution. On November 21, 2022, the trial court granted the motion and ordered the recorded phone calls to be released to Howard's counsel.

{¶ 7} On December 7, 2022, Howard filed a timely petition for postconviction relief and a request for a hearing. In the petition, Howard argued that he was denied his constitutional right to due process based on Foster lying during his trial. Howard further asserted the State presented Foster's testimony when it knew or should have known the testimony was false. In support, Howard claimed that Foster had admitted to lying during his

trial. Howard, though, did not submit a supporting affidavit from Foster averring to that fact. Instead, Howard claimed that Foster had disappeared before she could sign an affidavit.

{¶ 8} Howard's petition also claimed that while incarcerated, he had multiple conversations with Foster over the phone during which she admitted to lying during his trial. Howard acknowledged that those conversations were recorded, but he did not submit any of the recorded calls with his petition. Rather, Howard claimed that he was still waiting to receive the recorded calls that he had requested. Accordingly, Howard did not submit any evidentiary material in support of the claims raised in his petition for postconviction relief.

{¶ 9} On January 11, 2023, the trial court denied Howard's petition without a hearing because Howard had failed to submit any evidentiary material in support of his petition. Howard appealed that decision and this court affirmed the judgment of the trial court. *State v. Howard*, 2023-Ohio-2001 (2d Dist.). While that appeal was pending, on April 4, 2023, Howard filed a successive petition for postconviction relief to supplement his first petition with the recorded phone calls between him and Foster. Howard claimed that he had received the recorded calls from the Belmont Correctional Institution after the trial court had ruled on his first petition. Howard also claimed that the recorded calls established that Foster "did indeed perjure herself or at the very least has more to offer tha[n] what she divulged at trial." Successive Motion for Postconviction Relief (Apr. 4, 2023), p. 9.

{¶ 10} Despite Howard referencing the contents of the recorded calls in his successive petition, Howard once again did not include any evidentiary material with the petition. Because Howard did not submit the recorded calls or any other evidence supporting the claims raised in his successive petition, the trial court denied the petition on June 22, 2023. Howard did not appeal from that decision.

4

{¶ 11} One year and four months after the trial court denied his successive petition for postconviction relief, Howard filed a "Motion for Postconviction Discovery" on November 5, 2024. In that motion, Howard requested the trial court to order the Ohio Bureau of Prisons to release "any and all" recorded phone calls that he had with Foster while he was incarcerated at the London Correctional Institution. Howard particularly requested recorded phone calls from December 1, 2023. Howard claimed that the requested phone calls constituted newly discovered evidence of Foster's admission to lying during his trial and that the recordings were necessary for him to seek leave to file a delayed Crim.R. 33(B) motion for new trial based on newly discovered evidence.

{¶ 12} On December 17, 2024, the trial court denied Howard's motion for postconviction discovery. Howard now appeals from that judgment and raises one assignment of error for review.

**Absence of Final Appealable Order**

{¶ 13} Under his assignment of error, Howard claims that the trial court abused its discretion by overruling his motion for postconviction discovery. For the reasons outlined below, we find that the trial court's judgment denying the motion is not a final appealable order that this court has jurisdiction to review.

{¶ 14} "Under Section 3(B)(2), Article IV, Ohio Constitution, courts of appeals have jurisdiction only to 'affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.'" *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 13. "As a result, '[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.'" *Id.* at ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

5

{¶ 15} "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *Id*. at ¶ 15, quoting *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5. "The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02." *Id*.

{¶ 16} R.C. 2505.02 provides, in relevant part, that a final appealable order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). The term "substantial right" "is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Therefore, "[a] substantial right is, in effect, a legal right that is enforced and protected by law." *State v. Coffman*, 91 Ohio St.3d 125, 127 (2001), citing *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526 (1999).

{¶ 17} This court has recognized that "[t]here is no right to court-assisted discovery in a closed criminal case to obtain evidence to support a new-trial motion." *State v. Stinson*, 2024-Ohio-1298, ¶ 34 (2d Dist.), citing *State v. Hoover-Moore*, 2015-Ohio-4863, ¶ 23 (10th Dist.). *See also State v. Taylor*, 2021-Ohio-1670, ¶ 68 (2d Dist.) ("It is well established that there is no right to discovery in postconviction proceedings in non-capital cases.").

{¶ 18} In this case, the motion for postconviction discovery filed by Howard requested the trial court to order the release of recorded phone calls between Howard and Foster so that Howard could obtain evidence to support a motion for leave to file a delayed motion for new trial. Because Howard has no right to court-assisted discovery in that regard, the denial of his motion for postconviction discovery did not affect a substantial right. It follows that the denial of the motion cannot be deemed a final appealable order as defined under R.C. 2505.02(B)(1).

6

{¶ 19} Under R.C. 2505.02(B)(4), a final appealable order is also "[a]n order that grants or denies a provisional remedy" when: "(a) [t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" and "(b) [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4). The term "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence . . . ." R.C. 2505.02(A)(3).

{¶ 20} "Very few discovery proceedings qualify as provisional remedies." *Nami v. Nami*, 2017-Ohio-8330, ¶ 19 (10th Dist.), citing *Myers v. Toledo*, 2006-Ohio-4353, ¶ 24. "'Discovery orders have long been recognized as interlocutory,' and are neither final nor appealable." *State v. Colon*, 2016-Ohio-707, ¶ 10 (8th Dist.), quoting *Klein v. Bendix-Westinghouse Automotive Air Brake Co.*, 13 Ohio St.2d 85, 87 (1968). "[D]iscovery orders that deny discovery, in particular, are not typically considered final appealable orders." *Nami* at ¶ 18, citing *Curtis v. Adult Parole Auth.*, 2005-Ohio-4781, ¶ 12 (10th Dist.).

{¶ 21} In *State v. West*, 2017-Ohio-643 (4th Dist.), the Fourth District Court of Appeals considered whether a postconviction motion for discovery was a provisional remedy for the purpose of determining whether the trial court's denial of the motion was a final appealable order under R.C. 2505.02(B)(4). *Id*. at ¶ 10-13. In conducting its analysis, the Fourth District found that the appellant had not claimed that any of the evidence sought in the motion was privileged. *Id*. at ¶ 12. The Fourth District also found that the motion was not ancillary to any action or court proceeding currently in existence. *Id.* Specifically, the court stated:

Although West claims that he plans to use the [requested] evidence to prepare and file a petition for post-conviction relief, no petition has been filed. Accordingly, West's post-conviction motion for discovery is not a "provisional remedy" as defined by R.C. 2505.02(A)(3). *See Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶¶ 26-27 (holding that a motion to intervene for the purpose of establishing a record in a separate action is not an ancillary proceeding to an action and does not qualify as a provisional remedy for the purposes of R.C. 2505.02).

*Id.*

{¶ 22} As well as finding that the appellant's postconviction motion for discovery was not a provisional remedy, the Fourth District in *West* found that the trial court's denial of the motion was "interlocutory, as opposed to final, and [did] not affect a substantial right." *Id*. at ¶ 13. Therefore, the court concluded that the trial court's judgment denying the appellant's postconviction motion for discovery was not a final appealable order that it had jurisdiction to review, and the court dismissed the appeal. *Id*.

{¶ 23} This case is analogous to *West*. Howard filed a motion for postconviction discovery that did not seek evidence that was privileged, and his motion was not ancillary to any existing action or court proceeding. Similar to *West*, Howard filed the motion to obtain evidence to prepare and file a separate request for post-conviction relief—in this case, a motion for leave to file a delayed motion for new trial. Therefore, like *West*, Howard's motion for postconviction discovery was not a provisional remedy. Because the motion was not a provisional remedy, the trial court's judgment overruling the motion cannot meet the requirements of a final appealable order as defined under R.C. 2505.02(B)(4).

8

**Conclusion**

**{¶ 24}** The trial court's judgment denying Howard's motion for postconviction discovery is not a final appealable order, so this court lacks jurisdiction to review the judgment. For this reason, Howard's appeal is dismissed.

. . . . . . . . . . . . .

EPLEY, P.J., and HUFFMAN, J., concur.